The opinion of the court was delivered by
Valentine, J.:
This was an action for alleged trespass by the defendant’s stock, to-wit, colts, upon the real estate and crops of the' plaintiff. Only two questions are raised in the case in this court: First, Is article 1 of the act of the *320 legislature of 1868 relating to stock (Gen. Stat., 1002, ch. 105,) constitutional and valid? Second, If it is, then, did the plaintiff in this case introduce sufficient evidence on the trial to show that said article was in actual operation in Walnut township, Bourbon county, at the time that the said alleged trespasses occurred?
I. We know of no reason why said article should be held to be unconstitutional, or invalid. "It simply provides that the board, of county commissioners of any county may, upon a petition of a majority of the qualified electors of any township, “make an order that all persons owning domestic animals of any kind, therein to be specified, shall keep them confined in the night-time for certain portions of the year, to be specified in the petition,” and in the order; and also provides that, for any violation of said order of the county board, the owner of the stock shall be liable in damages to the party injured. The defendant in error gives the following reasons in his brief why said article should be held to be unconstitutional and invalid: 1st, “Because the act in question delegates legislative discretion to a body other than the legislature, upon whom alone such power is conferred. Constitution, art. 2, § 1.” 2d, “This law cannot be sustained under § 21, art. 2 of . the constitution, as it in no sense confers legislative power upon the board of commissioners.” 3d, “Chapter 105 (the said a'ct relating to stock) is in contravention of the first part of § 17 of art. 2- of the constitution, which provides that ‘All laws of a general nature shall have a uniform operation throughout the state.’ ”
These reasons are not sufficient. If the power conferred upon the board of county commissioners by the legislature under said act is legislative power, then the act is valid under § 21, art. 2, of the constitution. * If it is administrative power, *321 the act is also valid under said section, and also under § 1 of article 2 of the constitution. But if it is purely ministerial power, then the act is unquestionably valid under the last-mentioned section of the constitution; for the conferring of. ministerial power upon the tribunals transacting county business comes within the acknowledged scope of legislative jurisdiction. Neither is this act in contravention of § 17 of article 2 of. the constitution. It was enacted for the whole state, and for every part thereof. Any township in the state may come within the provisions of article 1 of the act, or any township may remain out. In this respect the act resembles. many other acts which depend for their practical operation upon the discretion of the county board, or the people, or the happening of certain contingencies. There is always a wide discretion allowed counties, and county boards, in the building of court-houses, jails, bridges, and other public improvements, and yet no one has ever supposed that the laws authorizing this discretion were invalid because their operation might not be practically and uniformly the same in every county in the state. Whenever a law of a general nature is passed by the legislature for the whole state, and is not applied by the legislature to any particular locality thereof, and has no words prohibiting its operation in any particular locality, it is a law having a uniform operation throughout the state within the meaning of said constitutional provision, although it may not practically have operation in every part of the state. (Leavenworth Co. v. Miller, 7 Kas., 479, 491; Darling v. Rodgers, 7 Kas., 599.) If the stock law conflicts with any portion of the fence law of 1868, the stock law and not the fence law must govern. The stock law was passed March 2d, 1868: (Gen. Stat., 1013.) The fence law was passed January 27th, 1868: (Gen. Stat., 495.) Therefore, the stock law being the last expression of the will of the legislature, is paramount to the fence law, and must govern where there is a conflict. But the stock law does not technically repeal any portion of the fence law, even if any provisions of the one conflict with any of the provisions of the other. The fence law was to take *322 effect when published in the statute book: (Gen. Stat., 495.) But before the statute book was published the stock law was passed which took effect when the statute book was published. (Gen. Stat., 1013.) Hence, if the stock law conflicted with any provision of the fence law, it did not technically repeal such provision, but simply prevented the same from .ever going into operation.
II. We do not think that the plaintiff in this case introduced sufficient evidence on the trial to show that article 1 of the stock law was ever put into- practical operation in said Walnut township. It was shown that the board of county commissioners made the requisite order for that purpose, but it was not shown by any legal evidence, or indeed by any evidence, that the requisite petition, was ever presented to the county commissioners. The only statute., authorizing the county commissioners to make such an order, reads as follows:
“Sec. 1. Whenever a majority of the qualified electors in any one of the townships of the counties of 'this state, shall, by petition, ask the board of county commissioners of snch county to make an order that all persons owning domestic animals of any kind, therein to be specified, shall keep them confined in the night-time for certain portions of the year, to be specified in the petition, the said board of commissioners shall make such order under their hands, and cause the same to be entered upon the record of their proceedings.” (Gen. Stat., 1002, ch. 105, § 1.)
The only evidence introduced on the trial to show that said petition was ever presented to the county board was merely the order of the board mentioning the same, which reads as follows:
“Whereas, a petition has been presented to the board of county commissioners of Bourbon county, Kansas, by a majority of the qualified electors of Walnut township, in said county, praying for the night herd law to be enforced in said township; and such petition appearing to be in accordance with the provisions of the statute, it is therefore ordered,” etc.
The defendants objected to the introduction of said order, as testimony, on the ground that the same did not show that the county commissioners had jurisdiction to make said order. *323 The court overruled the objection, and the defendants at the time excepted. The plaintiff introduced other evidence, and sufficient to prove his cause of action, if he had sufficiently proved the presentation of a sufficient petition to said county commissioners. The plaintiff had no fence, and of course could not recover for said trespasses unless said order was valid. When the plaintiff rested his case, the defendants demurred to the evidence, under § 275 of the code, (as amended, laws of 1872, p. 329, § 1, sub. 3.) The court sustained the demurrrer, and rendered judgment against the plaintiff for costs.
Our decision is as follows: 1st.-The county commissioners had no authority to make said order without the requisite petition having first been duly presented to them. The petition is a jurisdictional fact, and without it no valid order can be made. 2d.-A recitital in the order of the county commissioners that such a petition had previously been presented to’ them, is not sufficient evidence of such fact. 3d. — The petition described in said order, to-wit, a petition “ praying for the night herd law'to be enforced in said township,” is not a sufficient petition upon which to found such an order. 4th.-The burden of proving that said order was legally made, rested upon the plaintiff.
The judgment of the court below must be affirmed.
All the Justices concurring.