## Moses Keyes v. J. Snyder.

1. Herd Law of 1872. The act of the legislature entitled "An act to provide for the regulating of the running at large of animals," approved February 24, 1872, commonly known as the "herd law," is constitutional and valid.
2. ———— *Order of County Board.* An order made by the board of county commissioners prohibiting certain stock from running at large in a portion of said county only, to-wit, in certain townships thereof, and not in the whole county, is void.

### *Error from Morris District Court.*

Replevin, brought by *Keyes*, to recover possession of two head of neat cattle. The defense was, that the cattle in question were allowed by *Keyes* to run at large in Elm Creek township, in which defendant *Snyder* resides, and that they did then and there, and "on the 15th of July 1873, enter upon the farm of said *Snyder*, and did then and there eat, trample down and destroy the crops of said defendant then and there standing and growing, and did then and there dam-

age defendant's said growing crops, to the amount and of the value of one dollar; that said defendant has never been paid said damages; that he took said cattle into custody until such damages should be paid; that he claims a lien upon said cattle for said damages; and that within five days after taking such cattle into his possession as aforesaid he commenced an action against said *Keyes* before a justice of the peace for said Morris county to recover said damages, and enforce said lien, and said action is now pending," etc.   This action of replevin brought by *Keyes* was commenced before a justice of the peace, and was removed by appeal to the district court, where a trial was had at the October Term 1873.   *Snyder* justified his taking up and detention of the cattle under an order adopted by the board of commissioners of said county February 17th 1873, which order is as follows:

*"Be it ordered by the Board of County Commissioners of Morris County, Kansas,* That the following described animals are hereby prohibited from running at large in the following named townships of the aforesaid county of Morris. This order shall include all horses, asses, and neat cattle in the townships hereinafter named.   It shall be in force in the townships of Parker, Clark's Creek, Diamond Valley, Elm Creek, and Ohio; and shall take effect on the 1st day of April 1873, and continue in force until the 1st day of December 1873.   It is further ordered that this order be published for four weeks prior to its taking effect, in the Morris County Republican."

It was admitted that the townships named in the order were only a portion of the townships in Morris county.   The district court, a jury being waived, found that the defendant had a valid lien on said cattle for the amount of the damages claimed by him, and the costs of taking up said cattle and enforcing said lien, and was entitled to the possession of the cattle until said damages and costs were paid—and gave judgment accordingly, and against the plaintiff for costs. *Keyes* appeals, and brings the case here on error.

*Sharp & McDonald,* for plaintiff.

*Hughes & Bradley,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: The only questions involved in this case which we shall consider are as follows: First, Is the act of the legislature, entitled, "An act to provide for the regulation of the running at large of animals," approved February 24th 1872, (Laws of 1872, p. 384,) commonly known as the "herd law," constitutional and valid? Second, Is a certain order made by the board of county commissioners of the county of Morris, prohibiting certain stock from running at large in a portion of the townships of said county, and not prohibiting such stock from running at large in the whole of the county, valid? We must answer the first of these questions in the affirmative, and the second in the negative. That the act is constitutional and valid, see the case of *Noffzigger v. McAllister*, 12 Kas. 315; and that the act does not apply to townships, but to counties, see the act itself. Section 1 of the act reads as follows:

"SEC. 1. The board of county commissioners of the different counties of this state shall have power at any session, after the taking effect of this act, to direct by an order what animals shall not be allowed to run at large within the bounds of their county."

There is no provision authorizing the county board to "direct by an order what animals shall not be allowed to run at large within the bounds of" any township, school district, road district, or fraction thereof. The whole power that the commissioners possess to prohibit stock from running at large, they get from said § 1, and unless that should clearly give them the power to prohibit stock from running at large in fractions of the county, we should not hold that they possess any such power.

The judgment of the court below is reversed, and cause remanded for further proceedings.

All the Justices concurring.