THE BOARD OF COMMISSIONERS OF MARION COUNTY v. W. F. HOCH.

HEDGES, *Bounty for.* The "act to encourage the growing of hedges," etc., (Comp. Laws of 1879, pp. 453, 454,) has sufficient force to authorize the board of county commissioners to pay the bounty therein provided for, for growing Osage-orange hedges, and to pay the bounty out of the general county fund.

*Error from Marion District Court.*

ACTION brought by *Hoch* against the *Board of Commissioners of Marion Co.*, for a bounty of $58.75, to which he claimed·to be entitled under the provisions of "An act to encourage the growing of hedges and the building of stone fences." Trial at the April Term, 1880, of the district court, and judgment for the plaintiff. *The Board* brings the case to this court.

*C. Reed,* for plaintiff in error.

*L. F. Keller,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by W. F. Hoch against the board of commissioners of Marion county, for a bounty claimed to have accrued to him under the provisions of the "act to encourage the growing of hedges," etc. (Comp. Laws of 1879, pp. 453, 454.) The plaintiff grew an Osage-orange hedge in accordance with the provisions of said act. Judgment was rendered in the court below, upon an agreed statement of the facts of the case, in favor of the plaintiff and against the defendant for the amount of the bounty claimed, and the defendant now brings the case to this court for review.

The facts agreed to entitled the plaintiff to the judgment rendered, provided any person can ever be entitled to receive a bounty under said act. The only question, then, in this case

is, whether the act will under any circumstances authorize the rendering of such a judgment as was rendered; or, to state the question exactly, it is, whether the act has sufficient force, under any circumstances, to authorize the county board to pay the bounty therein provided for, for growing Osage-orange hedges. The plaintiff in error, defendant below, claims that it had not such power—first, because the growing of a hedge is a purely private purpose; and second, because there is no fund provided for by statute out of which the bounty can be paid. Now, it is true that there is no fund provided for specifically by statute out of which the bounty can be paid, but the defendant in error, plaintiff below, claims that the bounty may be paid out of the general county fund. And the statute seems to authorize this. Section 3 of the act reads as follows: "Upon the county board of commissioners being satisfied that the provisions of the second section of this act have been complied with, they shall order warrants to be issued upon the county treasurer for the bounty above specified." The "warrants" above mentioned are evidently ordinary warrants upon the general county fund. We think that said act has sufficient force to authorize the board of county commissioners to pay the bounty provided for in the act, and to pay it out of the general county fund. And therefore we do not think that the court below erred in rendering the judgment which it did render; and therefore the judgment will be affirmed.

HORTON, C. J., concurring.

BREWER, J.: While I concede that the general tenor of the authorities is in favor of the validity of this statute in full, I think that upon sound principles it can be sustained only so far as respects fences along the highway, in the improvement of which the public as a whole is interested.