## THE BOARD OF COMMISSIONERS OF MARION COUNTY v. ROBERT WINKLEY.

1. HEDGES; *Valid Act.* The act to encourage the growing of hedges is not objectionable upon the ground that the subject of the act is not expressed in its title. (Gen. Stat., ch. 40, p. 495; Laws 1871, ch. 91.)

2. BOUNTY PROPOSITION, *Legally Adopted.* Where the statute provides that the question of allowing a bounty for the growing of hedges shall be decided by a vote of the people of the county at an election called by the county commissioners of the county, to be held at a general election for township or county officers, and further provides that if a majority of the votes are for the bounty the county commissioners shall declare the law to be in full force and effect, *held*, if the bounty proposition receives a majority of the votes cast upon that particular question at an election called at the time township officers are to be voted for, the proposition is legally adopted, notwithstanding it failed to receive a majority of all the votes cast at the election for township officers.

### *Error from Marion District Court.*

ACTION brought by *Winkley* against the *Board of Commissioners of Marion County,* for a bounty to which he claimed to be entitled under the provisions of an act entitled "An act to amend section second of an act entitled 'An act to encourage the growing of hedges,' &c.," approved March 2, 1871. Trial had at the May Term, 1882, of the district court. The court made and returned the following findings of fact and conclusions of law:

"1. That in accordance with the provisions and requirements of section one of chapter 91, Laws of 1871, the board of county commissioners of Marion county, Kansas, on February 15, 1873, in pursuance of a petition of more than one-

third of the electors of said county, ordered that an election be held in said county on the first Tuesday in April, 1873, on the proposition to adopt or reject the bounty for successfully growing and cultivating Osage orange or hawthorn fence, provided for in said law, and by its proclamation did call such election.

"2. That due notice of said election was given by the sheriff of said county by publishing a proclamation of said election, containing said proposition, for three successive weeks prior to the first Tuesday in April, 1873, in the *Marion County Record*, a newspaper published in said county and of general circulation therein, and by posting copies of said proclamation and proposition at each of the voting places in said county, fifteen days before the said day of election.

"3. That said election was had upon said proposition on said first Tuesday in April, 1873, the same being the day on which the general election for township officers in said county was held.

"4. That on April 8th, 1873, the board of county commissioners canvassed the votes cast at said election for township officers, and also the votes cast upon the proposition aforesaid, and upon said canvass being had, it was found that one hundred and ten votes had been cast at said election 'For the bounty;' and said board declared that the said proposition to adopt the bounty had been carried by a majority of eighty-two votes.

"5. That at said election for township officers five hundred and seventy-eight votes were cast for township officers, and one hundred and thirty-eight votes were cast at said election upon the bounty proposition aforesaid.

"6. The said board of county commissioners declared the result of said election upon said proposition, by proclamation published two weeks in the *Marion County Record*, a newspaper published in said county and of general circulation therein, and did therein declare that the provisions of said chapter 91, Laws of 1871, had been adopted in said county, and that said law should take effect and be in full force and effect therein, on and after the 21st day of April, 1873.

"7. That the plaintiff as alleged in his first cause of action, did plant and successfully cultivate and grow, in pursuance of said law, an Osage orange fence, four hundred and fifty-eight rods in length, on the southwest quarter of section seventeen, township twenty, range three, east, in said county; and the same was inspected by the township assessor of Wil-

son township, in which said fence was situated, and by him adjudged a lawful fence, on the 2d day of April, 1879, inclosing, with twenty-two rods of other fence, eighty acres of land. And at the defendant's April meeting of that year, and on, to wit, the 3d day of April, 1879, the plaintiff demanded of the defendant, on his account, one year's 'bounty for said 458 rods of hedge fence, to wit, $22.90, which said account was rejected by the defendant, and the payment thereof refused; and that on the back of said account was indorsed by the township assessor a statement that he had, on the 2d day of April, 1879, examined said hedge, and found it of sufficient height and thickness to constitute a lawful fence under said law of 1871; and that such demand is the only one ever made for the $22.90 claimed by plaintiff in his first cause of action.

"8. That in the spring of 1875, as alleged in his second cause of action, the plaintiff planted on the same lands an additional 372 rods, which were, on or about the 15th day of April, 1881, declared to be a lawful fence by the township assessor, and were, together with 458 rods inspected and declared a lawful fence on April 2, 1879, by the township assessor, reported by the township assessor as lawful hedge fence in his assessment roll for the year 1881, and at the July meeting of said defendant for the year 1881, and on, to wit, the 5th day of July, 1881, the plaintiff demanded of said defendant, on his account, duly itemized and verified by his affidavit, one year's bounty on such 730 rods of Osage orange hedge fence, to wit, $36.50, which account was by the defendant rejected, and the payment thereof refused, and which said demand is the only one ever made by the plaintiff for the amount claimed in his second cause of action, or any part thereof."

As conclusions of law, the court finds:

"1. That the provisions of said chapter 91 of the laws of 1871 were duly adopted by a vote of the people of said county at the election held on the first Tuesday in April, 1873, went into effect in said county on the 21st day of April, 1873, and have been and remained in full force and effect in said county ever since, subject nevertheless to their own limitations.

"2. That when the defendant refused payment of the amount claimed in plaintiff's first cause of action, the same was not then due or payable, or any part thereof, and that the defendant was unauthorized to order a warrant drawn therefor.

"3. That when the plaintiff, on July 5, 1881, demanded payment of the amount claimed in his second cause of action, there was nothing due and payable on the 372 rods of the planting of 1875, and the commissioners were not authorized to order a warrant drawn therefor. But there was then due and payable to the plaintiff from the county of Marion, one year's bounty on the 458 rods of the planting of 1873, for the year ending April 21, 1881, and included in said demand.

"4. That the plaintiff cannot recover, and is not entitled to any judgment against the defendant on his first cause of action.

"5. That there was due the plaintiff on the 5th day of July, 1881, from the county of Marion, on his second cause of action, the sum of $22.90, for which, with seven per cent. per annum interest from that date, he is entitled to judgment against the defendant."

Judgment for $22.90, with interest from the 5th day of July, 1881, for plaintiff. *The Board* brings the case here.

*Frank Doster*, for plaintiff in error.

*L. F. Keller*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is affirmed by the counsel of plaintiff in error, that the statute under which the bounty was claimed by the plaintiff below is unconstitutional, because it authorizes taxation in aid of a private object; because it is a delegation of legislative power; and because its title does not clearly express its subject. Counsel further affirms that the bounty proposition was never legally adopted by a vote of the people of Marion county. In *Comm'rs v. Hoch*, 24 Kas. 778, it was decided that the growing of a hedge is not a purely private purpose. Upon a re-argument of that cause, the question whether the statute was a delegation of legislative power was decided in the negative. (*Noffzigger v. McAllister*, 12 Kas. 315; *Keyes v. Snyder*, 15 Kas. 143; Cooley's Const. Lim. 116, 124; 17 Ohio St. 271.) Therefore, of the questions now presented, we need pass only upon the third and fourth.

The statute of 1867 is entitled "An act to encourage the growing of hedges and the building of stone fences." The statute of 1871 is entitled "An act to amend section 2 of an act entitled 'An act to encourage the growing of hedges,' &c." Upon examination of the enrolled bill, it is apparent that the addition in the printed laws of 1871 of "&c.," and also the parenthetical explanation "published as part of chapter 40 of the general statutes of 1868," are unauthorized insertions. Notwithstanding all of this, the objection to the title is technical—not substantial. The subject of the act is sufficiently expressed therein.

*1. Hedges; valid act.*

As there were five hundred and seventy-eight ballots cast at the township election in April, 1873, and as only one hundred and thirty-eight votes were cast at said election upon the bounty proposition, it is contended on the part of plaintiff in error that the bounty proposition failed, because it did not receive a majority of all the votes cast at the election. The statute provides:

"That such bounty shall not be allowed in any county until the question has been decided, by a vote of the people, whether they desire such bounty, or not: *And provided further*, That upon a petition being presented to the county commissioners of any county, signed by one-third of the legal voters of said county, as shown by the number of votes cast at the last general election, they shall, by proclamation, call an election, to be held at a general election for township or county officers, and shall submit to the electors the question to adopt or reject the bounty; and upon the ballots shall be written 'For the bounty,' or 'Against the bounty.' . . . If a majority of the votes [cast] are for the bounty, they shall declare said law to be in full force and effect, and shall state the day on which the same shall take effect." (Laws of 1871, ch. 91, § 1.)

Within the terms of the statute, we think the bounty proposition is to be declared adopted or rejected, according as it receives, or fails to receive, a majority of the votes cast for or against it. The votes cast for the township officers at the election of April, 1873, are not to be considered upon the bounty proposition. The electors of Marion county were invited by the

*2. Bounty proposition, legally adopted.*

proclamation of the county commissioners to vote for or against the bounty. A majority of the votes cast upon that particular proposition were for the bounty. This result having been obtained, it was the duty of the county commissioners of the county to declare the act to encourage the growing of hedges to be in full force and effect in that county. The electors who were present at the polls, at the called election, and, while voting for township officers, did not vote upon the bounty proposition, are presumed to assent to the expressed will of the majority of those voting thereon. (*County Seat of Linn County*, 15 Kas. 500; *Rex v. Foxcraft*, 2 Burr, 1017; *Gillespie v. Palmer*, 20 Wis. 544; *Cass v. Johnson County*, 95 U. S. 369; *Rld. Co. v. Davidson*, 1 Snead, 638.)

The judgment of the district court will be affirmed.

All the Justices concurring.