JAMES A. SMITH, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ATCHISON, *Appellant*.

No. 16,052.

SYLLABUS BY THE COURT.

1. FEES AND SALARIES—*Officers of Atchison County—Statute Not Superseded*. Chapter 250 of the Laws of 1903, regulating the compensation of the sheriff and other officers of Atchison county, is not superseded or annulled by chapter 227 of the Laws of 1905, and the compensation of the sheriff of that county must be measured by the provisions of the earlier act.

2. CONSTITUTIONAL LAW—*Delegation of Power—Statute Made Operative by Action of County Commissioners*. The provision of the act of 1905 that the extra allowance for boarding and lodging prisoners shall not be operative until the board of county commissioners of the county shall make an order in writing to that effect and shall enter the same on their journal is not an invalid delegation of legislative power.

Appeal from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed November 6, 1909. Reversed.

*T. A. Moxcey*, county attorney, and *W. W. Guthrie*, for the appellant.

*James W. Orr*, and *W. P. Waggener*, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question for decision in this case is whether James A. Smith, the sheriff of Atchison county, is entitled to recover compensation for official services under chapter 250 of the Laws of 1903 or according to the provisions of chapter 227 of the Laws of 1905. The sheriff presented a claim for boarding prisoners during the years 1905 and 1906 and his account was allowed at the rate of forty cents per day for each prisoner. He was also allowed fees and actual expenses for taking prisoners to penal institutions and patients to charitable institutions, but these allowances were for the maximum compensation provided for by the act of 1903. On the theory that he was entitled to compensation under the act of 1905 he presented to the board of county commissioners a bill asking ten cents per day for each person boarded in addition to the allowance already made, amounting to $702.60, and his claim also included $109.50 more than had been previously allowed for conveying prisoners and patients to the prisons and hospitals, as well as an extra fee of $2 for drawing a jury. The claims were disallowed by the board, but in an action brought in the district court judgment awarding him the amount claimed was rendered.

Chapter 250 of the Laws of 1903 is a special act fixing the compensation of the sheriff and several other officers of Atchison county. It provides that the sheriff may charge as full compensation for his services certain fees prescribed in another act, and then proceeds to provide that he may retain fees up to the amount of $2500 per annum and that if in any year the total amount of the fees collected in the county, exclusive of the amount allowed for carrying persons to penal and charitable institutions, shall be more than $2500 he shall be required to pay one-third of such excess into the county treasury, but in case the amount of the fees

collected is less than the sheriff is permitted to retain the commissioners are authorized to make good the deficiency by an allowance, and the uncollected fees when paid are to go into the county treasury. This act is more liberal in its provisions for the sheriff than was the general law in existence when the former was enacted. It fixed the compensation of the sheriff of Atchison county, at least until the passage of the act of 1905, and is still the controlling law unless it has been superseded or restricted by the act of 1905. If the special act governs the sheriff has received full compensation. The special act was passed prior to the recent amendment of the constitution in relation to the enactment of special laws, but in fact no claim is made that the act violates any provision of the constitution.

It is contended, however, that the act of 1905 supplants the special act in respect to the boarding and lodging of prisoners. It is general in character and provides, among other things, that in counties where sheriff's fees are regulated by a general law the sheriff shall receive an additional allowance of ten cents per day for boarding and lodging prisoners, but it also provides that the additional fees shall not be paid in any county until the board of county commissioners shall make an order in writing to that effect and shall enter the same on their journal. There are two patent reasons why the sheriff of Atchison county may not receive the additional allowance which he claims by virtue of this act. The first one is that his fees and compensation are not regulated by a general law, but are expressly provided for in the special act of 1903. For that reason alone the sheriff may not avail himself of the provisions of the later act. Another reason which bars any claim of his for the additional compensation is that the commissioners have not made the written order bringing the county within the scope of the act. It is argued that this provision is an invalid delegation of legislative power. The act is in itself complete, but its

operation depends upon the will and action of the board of county commissioners. Laws the operation of which depend upon such a contingency have been frequently sustained. (*Noffzigger v. McAllister,* 12 Kan. 315; *Keyes v. Snyder,* 15 Kan. 143; *L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.,* 18 Kan. 169; *Phoenix Ins. Co. v. Welch, Supt.,* 29 Kan. 672; *The State, ex rel., v. Hunter,* 38 Kan. 578.) Aside from this consideration, the constitution provides that the legislature may confer upon tribunals transacting the county business such powers of local legislation and administration as it may deem expedient. Under this provision power of the kind in question can be given to the board of county commissioners. (*Noffzigger v. McAllister,* supra; *Comm'rs of Harper Co. v. The State, ex rel.,* 47 Kan. 283.) The sheriff, having received all of the fees to which he is entitled as measured by the controlling statutes, can not recover the additional amounts claimed.

The judgment of the district court is therefore reversed and the cause remanded, with directions to enter judgment in favor of the appellant.