## NEAL VS. BURROWS.

1. STATUTES: *Mandatory and directory distinguished.*

Those directions in a statute which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act be performed, but not at the time, or in the precise mode indicated, it may still be sufficient if that which is done accomplishes the substantial purposes of the statute; unless negative words are employed in the statute which expressly, or by necessary implication, forbid the doing of the act at any other time, or in any other manner, than as directed.

Sec. 42 of the act entitled, "An act to maintain a system of free common schools in the state of Arkansas," approved December 7, 1875, is *as to the time* designated for the appointment of a county examiner, directory, and not mandatory.

APPEAL from *Crawford* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*Neal, pro se.*

HARRISON, J.   This was an action by Berkley Neal against John J. Burrows, for the office of county examiner, of which he claimed he had been deprived by the usurpation of the defendant.

The facts were these: The plaintiff was appointed county examiner by the county court, at the October term, 1866, the next term after the general election in that year, and he was commissioned, took the oath, and entered upon the duties of the office.

At the October term, 1868, the next term after the last preceding general election, the county court appointed S. R. Cox, but he dying before he received his commission and qualified, the county court, at the January term, 1869,

appointed the defendant, and he had been commissioned; and had qualified by taking the oath, and was then in possession of the office.

The plaintiff had continued in the office until the defendant took it.

The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action; the demurrer was sustained and judgment was rendered for him. The plaintiff appealed.

Sec. 42 of the act entitled, "An act to maintain a system of free common schools for the state of Arkansas," approved December 7, 1875, is as follows:

"Sec. 42. That after the passage of this act, the county court of each county of this state shall, as soon as practicable, appoint in each county in this state a county examiner of high moral character and scholastic attainments, who shall hold his office until his successor is commissioned and qualified, as hereinafter provided; said county shall thereafter, at the first session of the court after each general election, appoint said examiner; and it shall be the duty of the county clerk to issue a commission to the person so appointed, and to certify his name and post office to the state superintendent of public instruction."

The appellant contends that the county court has no authority to make an appointment, at any other than at the first session, or term, after the general election; and that he was therefore entitled, inasmuch as Cox had not qualified, to hold over until an appointment should be made at such a session or term.

The decision of this case depends upon whether the provision in the statute, as to the time when the county court is to make the appointment of county examiner, is mandatory or directory.

Judge Cooley gives the following as a rule for determining whether statutes are mandatory or directory: " Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute. But this rule presupposes that no negative words are employed in the statute which expressly or by necessary implication, forbid the doing of the act at any other time or in any other manner than as directed." *Cooley's Const. Lim.*, 93. The rule, as thus laid down, was approved in *Edwards et al. v. Hall et al.*, *30 Ark.*, *31*, as founded in reason and upon authority; and we again express our approval of it.

It follows, therefore, as a clear conclusion, that the provision of the statute referred to, so far as it relates to the terms of the court at which the appointment was directed to be made, is directory only; and that the appointment of the appellant was valid.

The judgment is affirmed.