NORSWORTHY *v.* SEARAN.

Opinion delivered February 8, 1932.

*George E. Pike,* for appellant.

*W. A. Leach* and *M. F. Elms,* for appellee.

SMITH, J. The immediate question in this case is, What is the compensation to which jurors, grand and petit, are entitled in Arkansas County? The answer to this question depends on the constitutionality of act 299 of the Acts of 1931 (Acts 1931, page 1032).

This act 299 is entitled, "An act fixing the fees and salaries of certain county officers and creating the office of collector in counties having a population between twenty-two thousand and twenty-two thousand five hundred." By this act the offices of sheriff and collector are separated, and certain duties are imposed on the collector in regard to visiting each incorporated town in the county. All the county officers are put on salaries, and provision is made for deputies and clerical assistance. Section 18 contains the following provision in regard to the compensation of jurors: "That, from and after the passage of this act, the grand jurors and petit jurors of the circuit court of such county shall receive as their compensation three dollars fifty cents ($3.50), and they shall be allowed the same mileage as now allowed by law."

Other sections of the act provide the fees to be paid upon suits filed in both the circuit and chancery courts, and for making transcripts upon appeals to the Supreme Court.

It is provided in the act, however, that "the provisions of this act shall apply to all counties which had,

according to the last Federal census, a population between twenty-two thousand and twenty-two thousand five hundred.''

By the last or 1930 Federal census, Arkansas County had a population of twenty-two thousand three hundred, and was the only county in the State whose population exceeded twenty-two thousand and was less than twenty-two thousand five hundred. It is therefore apparent and certain that the act can apply only to that county, and its operation is as definitely limited to Arkansas County as if it had been made to apply to that county by name and to no other. As the act is not prospective, but applies only to the counties ''which had, according to the last Federal census,'' the designated population, it cannot ever apply to any county except Arkansas County. The act is therefore a local one within the inhibition of the constitutional amendment against local legislation.

There has been confusion as to the number of this and certain other amendments. The Local Bill Amendment to the Constitution is designated in Applegate's Constitution of Arkansas, Annotated (page 231), as amendment No. 12, and we have used that number in referring to it. This is the amendment which provides that ''The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts.'' The Secretary of State has had printed the Constitution with the amendments thereto, in which he has designated the Local Bill Amendment as amendment No. 14, and we therefore employ the same number in referring to it.

The instant case cannot be distinguished from the recent case of *Cannon* v. *May*, 183 Ark. 107, 35 S. W. (2d) 70, and is controlled by it, and, upon the authority of that case, it must be held—and we do hold—that act 299 of the Acts of 1931 is void, as having been enacted contrary to Constitutional Amendment No. 14, above referred to. There is therefore no valid act fixing a different or special compensation for jurors in Arkansas County, and

they must therefore be paid the same compensation as is allowed by the general laws of the State.

The decree of the chancery court, from which this appeal comes, conformed to this view, and it is therefore affirmed.