STATE, USE AND BENEFIT OF GARLAND COUNTY *v.* JONES.

4-4492

Opinion delivered January 11, 1937.

C. A. Stanfield, for appellants.

Jay M. Rowland and Murphy & Wood, for appellees.

MEHAFFY, J. The appellant filed in Garland chancery court a complaint against the appellees. The suit was brought in the name of the state of Arkansas, for the use and benefit of Garland county against John E. Jones, clerk of Garland circuit court, and D. W. Parker, deputy clerk. It alleged among other things that they had charged and collected, as clerk and deputy clerk, as fees and salary, amounts greatly in excess of the amount allowed by law; that they unlawfully appropriated the amounts charged and converted to their own use unlawfully, said amounts belonging to Garland county. The complaint is quite long, but the charges were clearly made. It charged that they received the amounts in excess of the salaries unlawfully and fraudulently, and prayed judgment against the appellees; that their accounts be surcharged and falsified, and that they be required to pay into the treasury of Garland county all monies illegally and fraudulently charged as salaries for the years 1931 and 1932; that a master be appointed to state the account and determine the amount due.

The complaint was verified and filed March 14, 1936. On October 6, 1936, C. A. Stanfield filed a petition as a citizen and taxpayer of Garland county, alleging substantially the same things that were alleged in the original complaint.

On March 31, 1936, the chancery court made an order granting the petition of Stanfield to be made a party. On April 7, 1936, the appellees filed the following demurrer:

"The defendants, John E. Jones, clerk of the Garland circuit court, and D. W. Parker, deputy clerk, demur to the complaint, for the following reasons:

"First: Because C. A. Stanfield was and is without authority to institute and prosecute this suit in the name of the State of Arkansas, or on behalf of the State of Arkansas.

"Second: Because the complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them.

"The defendants, therefore, demur to the complaint, and pray that the complaint be dismissed, and for other relief."

On the same day that the demurrer was filed, the appellees filed a motion to strike petition of C. A. Stanfield. On April 22, 1936, Stanfield filed an affidavit in which he stated that he had been employed by the county judge of Garland county to institute and prosecute the suit, and that the prosecuting attorney had refused to act.

On June 2, 1936, appellees filed motion to require Stanfield to file copy of order of county court showing his employment. On June 3, 1936, the court sustained appellees' demurrer and motion to strike petition.

The appellant declined to plead further and prayed an appeal to the Supreme Court, which was granted.

The first paragraph of the demurrer states that Stanfield is without authority to institute and prosecute the suit in the name of the State of Arkansas or on behalf of the State of Arkansas, and second, that the complaint does not state facts sufficient to constitute a cause of action. If Stanfield was without authority to institute and prosecute the suit, it would then be immaterial as to whether the facts stated were sufficient to constitute a cause of action, because no matter what facts were stated, if Stanfield was without authority to institute and prosecute the suit, this would end the matter.

Appellees call attention to the case of *State, for the use of Garland County* v. *Baxter*, 38 Ark. 462. In that case the court said: "The bill alleges, in effect, that the county judge made an improvident, fraudulent, collusive and illegal lease to Baxter and Moore of the land donated by congress to the county for public uses; that the lease was a perversion of the purposes of the grant. If this be true (and the facts alleged are admitted by the demurrer), the county had a 'demand' against the lessees to have the lease revoked and suit for that purpose

might be brought under the statute, in the name of the State, for the use of the county."

The court also said: "By statute (Gantt's Digest, § 4838), it is made the duty of the prosecuting attorney to commence and prosecute actions, both civil and criminal, in which the State or any county in his circuit may be concerned.

"The solicitors for the appellees have made the objection here that the suit in this case was not commenced by the prosecuting attorney.

"But this objection was not raised by the demurrer to the bill, and could not properly be presented by demurrer, which goes only to the sufficiency of the allegations of the bill."

Appellees and appellants have both discussed several acts, and it is stated by the appellees that the complaint and Stanfield's petition are based upon special act No. 18 of the Acts of 1921. Appellees state that appellant wholly omits act 43 of the Acts of 1923. That is an act to regulate the fees of the clerk of the circuit and chancery court of Garland county, and makes some changes in act 18, *supra,* but it is not necessary to discuss those changes here.

It is also stated by appellees that special act No. 95 and special act No. 216 of the Acts of 1931 are wholly ignored. Act No. 95 is a local act with reference to the fees and officers of Garland county, and under the amendment to the Constitution and the former decisions of this court, being a local act, it was void.

Act No. 216 is an act to regulate the salaries and fees of the county officers of the State of Arkansas. In the case of *Dozier* v. *Ragsdale,* 186 Ark. 654, 55 S. W. (2d) 779, it was contended that the act initiated by Union county was contrary to the general law of the state, and, therefore, violative of the constitutional amendment which prohibits counties from enacting local legislation contrary to any general law of the State, and this court said:

"Appellant cites and relies on act 216 of the Acts of 1931. That, however, is not a general law fixing the fees of the county officers of the state, but that law pro-

vides that the Legislature has determined and declared that the fees now being drawn by different county officers, according to the provisions of general statutes of the state, and special and local acts, are based on proper classification, and that they shall continue to receive the salaries and fees under said local and special acts.''

It will be observed that we held in that case that act No. 216 was not a general act. If it had been, the initiated act of Union county would have been in conflict with it. We have repeatedly held that the regulation of county officers and the fixing of their salaries is a local matter. Numbers of counties in this state have initiated and adopted bills to regulate the salaries and expenses of the county officers, but it is not necessary for us to determine the constitutionality of these acts. Under the allegations of the complaint, a cause of action was stated.

In the case of *State ex rel. Smith* v. *Smith,* 191 Ark. 367, 86 S. W. (2d) 178, we said:

''It is now recognized by the legal profession everywhere that suits may be maintained by, and in the name of the State, for the use and benefit of State agencies or municipalities or taxpayers to recover any shortage or liability, and to require it to be paid into the proper depositories or treasuries.''

In that case, we were construing act No. 146 of the Acts of 1933. That was an act to facilitate the recovery on bonds of officials of this state, and for other purposes. It provided for an investigation by the state comptroller, and that the demand or shortage should be certified to the attorney general or the prosecuting attorney, and if they refused to act, the comptroller was authorized to bring suit himself.

In the Smith case, *supra,* the suit was brought by Griffin Smith, state comptroller, against the tax collector of Lee county, and demurrer was filed and among other things the demurrer stated that Griffin Smith has not the power or capacity or authority to file and maintain the suit. This court held that it was not necessary for there to be a failure or refusal on the part of the prosecuting attorney or attorney general to enable the comptroller to bring suit. The court said in that case: ''The provi-

sion of act 146 aforesaid requiring notice to be given to the prosecuting attorney, or to the attorney general, is not necessarily mandatory, and particularly is this true under the rule announced by the early case of *Neal* v. *Burrow,* 34 Ark. 491, wherein this court quoted with approval from Cooley's Const. Lim., page 93.''

''Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute. But this rule presupposes that no negative words are employed in the statute which expressly or by necessary implication, forbid the doing of the act at any other time or in any other manner than as directed.'' Cooley's Const. Lim., 93. The rule, as thus laid down, was approved in *Edwards* v. *Hall,* 30 Ark. 31, as founded in reason and upon authority; and we again express our approval of it.''

According to the general rule, if there were any negative words employed in the statute, which expressly or by necessary implication forbid the bringing of the suit by any one other than the prosecuting attorney, then the prosecuting attorney would have to bring the suit.

We know of no statute or law that prohibits a county from bringing a suit in the name of the state for the use and benefit of the county. We conclude that the court erred in sustaining the motion to strike Stanfield's petition, and in sustaining the demurrer. Of course it is not necessary that both the county and the taxpayer be made parties, but the suit can be maintained in the name of the state for the use and benefit of the county, or by a taxpayer suing for himself and other taxpayers.

The decree of the chancery court is reversed, and the cause remanded with directions to overrule the demurrer and proceed with the trial of the case according to law, and not inconsistent with this opinion.