Jones *v.* Garratt, Chancellor.

4-5922                               135 S. W. 2d 859

Opinion delivered January 22, 1940.

*Jay M. Rowland,* for petitioner.
*C. A. Stanfield,* for respondent.

Per Curiam. Petitioner alleges that, unless the chancery court is restrained, it will unlawfully proceed with trial in a cause wherein petitioner is defendant; also, that the court will permit execution to issue on a

judgment for $7,132.19 rendered against petitioner in such court.

Transactions prompting the petition are these: John E. Jones has for many years been circuit clerk of Garland county. It was claimed on behalf of the county that certain fees and commissions collected by Jones in 1931, 1932, 1933, 1934 and 1935, had not been fully accounted for. Suit to surcharge the clerk's settlements was, in 1936, dismissed on demurrer. On appeal the order was reversed, and the cause remanded with directions. *State, Use and Benefit of Garland County* v. *Jones,* 193 Ark. 391, 100 S. W. 2d 249.

On remand the defenses interposed were sustained, with dismissal of the complaint. This court sustained the chancellor's finding that settlements of 1931 and 1932 were barred by limitation. In other respects, the decree was reversed, and the cause remanded with directions to ascertain whether any sums were due for 1933, 1934, and 1935. *State, Use and Benefit of Garland County, et al.* v. *Jones,* 198 Ark. 756, 131 S. W. 2d 612.

The petition for prohibition alleges that this court's mandate on the second remand was filed in Garland county October 25, 1939. Thereafter supplemental complaint was filed alleging the clerk's failure to account for certain excess fees and commissions collected in 1936, 1937, 1938 and 1939.

In compliance with this court's directions the chancellor ascertained what sums were due for the accountable years, and gave judgment December 18, 1939. The order recites submission of the cause December 13, and judgment *nunc pro tunc*.

October 18, 1939, the prosecuting attorney filed complaint in circuit court ". . . for the purpose of recovering excess salaries and fees for the years 1933, 1934, 1935, 1936, 1937, 1938 and 1939." The indebtedness was alleged in blank. By amendment December 15 overcharges for 1933, 1934 and 1935 were stated as $3,858.50. For 1936 and 1937 the demand was $3,873.55. It was then alleged that "the defendant is also indebted to the plain-

tiff for excess salary and fees collected during the years 1938 and 1939, but at the time of the filing of this amendment the comptroller's office has not filed its report of audit for the years 1938 and 1939, but as soon as said reports are filed the complaint will be amended to show said amounts."

Three days after the amended complaint was filed the court gave judgment for $816.90, ". . . this being the aggregate amount due for all of the years" enumerated.

The judgment recites that ". . . by agreement of the parties the cause is submitted to the court upon the plaintiff's complaint and amendment to the complaint, the defendant's answer, oral testimony, and statement of counsel, from all of which the court finds that the indebtedness [for the seven-year period] is $816.90."

What the so-called "oral testimony" was is not disclosed.

By statute the state comptroller is required to determine facts necessary to an adjudication of that character of claims alleged in the prosecuting attorney's complaint. Neither the prosecuting attorney nor the court had all of the information contemplated by law when the judgment was rendered. A valid chancery court judgment of more than seven thousand dollars was "absorbed" and in effect set aside by the circuit court, while at the same time claims aggregating $3,873.55 for 1936 and 1937, together with alleged, but unstated items for 1938 and unknown and unknowable demands for 1939, were reduced to $816.

This arbitrary conduct is shocking to public sensibilities, and if unrestrained would paralyze justice.

In the face of such a record this court is now asked to participate in the transaction by prohibiting the chancery court from continuing to perform its duties.

The chancellor rightly rendered judgment and has properly declined to relinquish jurisdiction in respect of the amended complaint. Having acquired jurisdiction, such jurisdiction was exclusive. [See cases cited in

Cause No. 5885 this day decided—*Butt, Prosecuting Attorney, et al.* v. *Southwestern Distilled Products, Inc., post* p. 750, 135 S. W. 2d 857.]

The writreit is denied.