WILSON v. STATE.

4748                                261 S. W. 2d 257

Opinion delivered October 12, 1953.

*Ernie E. Wright,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The question is whether Act 65, approved February 9, 1951, contravenes Amendment No. 14 to our constitution. The Amendment is an interdiction against local or special Acts by the general assembly. Act 65 provides a schedule of fees for justices of the peace "in counties having a population of between 10,275 and 10,290, according to the 1940 United States census report."

Ralph Howard is a justice of the peace for Mountain Home Township, in Baxter county. Carmack Sullivan, prosecuting attorney, filed information in Howard's court charging Roy Wilson with public drunkenness. The J. P. transcript shows a fine of $5 "and cost of the court, $22.50." Whether the fine was a part of the larger item is not made clear, but presumptively it was not. Wilson had entered a plea of guilty, but appealed because of the cost. The circuit clerk's certificate contains the following itemization "after taking appeal" Dec. 24, 1952: Fine, $5; [prosecuting] attorney, $10; sheriff, $7; court, $9.50; J. P., $1; total, $32.50. In a motion filed in circuit court April 13, 1953, the $5 fine is mentioned, and the cost is referred to (and itemized) as $24.75. The justice of the peace added a further charge of $2.75 as cost for certifying the appeal. It was the appellant's contention that with avoidance of Act 65 cost allowable would be $3.30, and there is a stipulation to this effect. It was also stipulated that Baxter is the only county falling within the population classification.

Special and local Acts were discussed by Robert M. Anderson, professor of law, in Vol. 3, No. 2, of the Arkansas Law Review. Many applicable Arkansas cases are cited and there are references to decisions from other courts and comments by lawbook writers.

The classification phase here presented was the issue in *State ex rel. Burrow* v. *Jolly, County Judge,* 207 Ark. 515, 181 S. W. 2d 479. By Act 73 of 1943 appointment, and then election, of road overseers in counties having a population of not less than 18,300 nor more than 18,350 were authorized. In the opinion notice was taken that accord-

ing to the 1940 census Randolph County, with a population of 18,319, was the only unit in the state to which the Act would apply. The trial court had found the legislation violative of the fundamental law, and in affirming the judgment it was said: "If we should reverse [the circuit court] in this case, effect would be to say that the general assembly, in adopting Act 73 and similar measures, has found a permissible point of penetration into Amendment No. Fourteen."

It is insisted, however, that our decisions upholding Acts affecting the administration of justice are applicable, since a justice of the peace is a constitutional officer in our judicial system.

In *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W. 844, Judge McCulloch spoke for the court in a mandamus proceeding involving § 26 of Art. 5 of the constitution— the requirement that there be publication of an intention to apply to the general assembly for enactment of a special law. By Act of Feb. 25, 1905, the Watson district of Desha county was abolished. Regular terms of the circuit and probate courts were affected. When the Second chancery district was established its terms were referable to the same restrictions. This statement is a part of the opinion: "Statutes establishing or abolishing separate courts relate to the administration of justice, and are not either local or special in their operation. Though such an Act relates to a court exercising jurisdiction over limited territory, it is general in its operation, and affects all citizens coming within the jurisdiction of the court." But the point decided in the Waterman case was that the notice required by the constitution would be presumed to have been given if the general assembly had acted.

We have held that a chancery clerk is a vital part of the court organization because he is required to perform numerous duties pertaining to judicial functions. · *Buzbee* v. *Hutton,* 186 Ark. 134, 52 S. W. 2d 647. The decision, however, was buttressed by § 15, Art. 7, of the constitution. An Act of the 54th general assembly increasing the salary of the court reporter for a chancery district was

upheld, while at the same time a measure increasing the salary of treasurers in counties having a population of not less than 65,000 nor more than 65,250 and designated property assessments was invalidated. *McLellan* v. *Pledger, County Treasurer,* 209 Ark. 159, 189 S. W. 2d 789. Acts relating to the payment of jurors, the salary of a circuit clerk and his deputies, fees allowable to a sheriff, and the salary to be paid a county judge have been adjudged special or local. *Norsworthy* v. *Searan,* 185 Ark. 98, 46 S. W. 2d 6; *State, to use and benefit of Garland County* v. *Jones,* 193 Ark. 391, 100 S. W. 2d 249; *Smith* v. *Cole,* 187 Ark. 471, 61 S. W. 2d 55.

In upholding a legislative Act of 1915 creating municipal courts in certain cities and taking from justices of the peace all jurisdiction in misdemeanor cases, we said that justices of the peace have no vested rights in the fees and emoluments of the office. *State ex rel. Wm. L. Moose, Attorney General,* v. *Woodruff,* 120 Ark. 406, 179 S. W. 813.

The precise question here presented has not been before the court, and we—like the trial judge—must deal with it on first impression.

The phrasing of our decisions where the words "county officials" appear includes county judges, and some of these opinions were delivered before probate jurisdiction was transferred to chancery judges by Amendment No. 24, adopted Nov. 8, 1938. When it is remembered that the constitution vested certain judicial authority in county judges and that our holdings then were that the interdiction against local or special legislation included such officers, it is difficult to reason that a justice of the peace, who is a township officer, may benefit by local legislation under protection of a judicial status while county judges when having probate jurisdiction may not. Under existing laws a county judge presides over courts of common pleas, where created, and he may, in certain circumstances, issue orders for injunctions and other provisional writs. Art. 7, § 37, of the con-

stitution. We have also held that a county court order allowing or disallowing a claim is a judgment.

To be consistent and to place a reasonable construction upon the judicial status here contended for, we must either say that our former opinions dealing with county judges were erroneous, or we must apply the same rule to justices of the peace by saying that county and township officers, although invested with some judicial authority, do not fall within the class to which the exclusion applies. More logical is the suggestion that our former holdings have not gone to the extent of saying that the administration of justice is dependent upon the fees allowable to justices of the peace to an extent bringing them within the scope of exemptions now recognized as being indispensable to the administration of justice.

It follows that the Act was an infringement upon Amendment No. 14. This necessitates a reversal of the judgment.

WARD, J., dissents.