LITTLE ROCK & FORT SMITH RAILWAY COMPANY *v.* HUGGINS.

Opinion delivered November 13, 1897.

FENCING DISTRICT ACT—RAILROADS.—The fencing district act of April 15, 1891, which provides that each parcel of land included in a fencing district shall be assessed by the county court according to its value "as shown by the last assessment on file in the office of the county clerk," does not apply to railroads, which do not appear on the county assessments.    (Page 434.)

TAX-SALE—DESCRIPTION OF LANDS in an order of sale for a delinquent fencing district tax as "frl. pt. section 12, township 9, range 29,—29.89 acres," or as "N. E. frl. S. pt. frl. section 12, township 9, range 29,—12 acres," is too indefinite and uncertain.    (Page 434.)

Appeal from Franklin Circuit Court, Ozark District.

JEPHTHA H. EVANS, Judge.

*Dodge & Johnson*, for appellants.

The assessment is void and illegal even under the terms of the act.    The act is unconstitutional, because the tax is not uniform.    25 Ark. 295; 32 Ark. 38; Cooley, Const. Lim. 515; Const. of Ark. art. 16, § 5.    The attempted description of the land is vague and indefinite.    This vitiates the whole proceeding.    50 Ark. 489; 31 Ark. 491; 30 Ark. 579.    The law attempts to exact an illegal and excessive penalty, and is unenforceable.    56 Ark. 97; Blackwell, Tax Titles, §§ 98 and 99; 31 S. W. 982; 65 N. Y. 521.    All requirements of the statute, intended for the benefit or protection of the tax payer, must be rigidly complied with.    130 U. S. 177; 122 N. Y. 229; 46 Oh. St. 296; 34 Oh. St. 482; 57 N. W. 686; 123 Mass. 50. Local authorities cannot resort to proceedings *in rem*, against a particular part of a railroad constructed and operated as an entity, to collect taxes.    52 Ark. 529; 31 Ark. 494; 57 S. W. 471; 60 N. W. 767; 63 N W. 1007; 76 Mich. 421; 43 N.

W. 447; 60 Mich. 591; 27 N. W. 871; 3 Woods, 434; 76 Ill. 561; Sand. & H. Dig., § 6468.

HUGHES, J.    This suit was brought under the provisions and according to the procedure provided in the act of April 15, 1891, being an act to establish fencing districts. The entire complaint is as follows: "The plaintiffs, W. L. Huggins, A. Quesenberry and J. M. Pendergrass, as the fencing board of Fencing District No. 1, for cause of action say that an assessment was made, and the taxes extended, as required by law, against the land situated in said fencing district; that said assessment has not been paid by the owners of the real estate situated in said district, and so assessed, described in Exhibit A, filed herewith as a part of this bill. Wherefore plaintiff prays the said delinquent real estate and tracts and parcels of land be severally charged with the amount of taxes, penalty and costs rightfully chargeable against them, as shown by said Exhibit A; that the same be declared a lien thereon; and that said real estate, or so much thereof as may be necessary, be ordered sold for the payment of said taxes, penalty, and such costs of this action as may be rightfully chargeable against each of said delinquent owners of said real estate, and for all other proper relief."

There are several defenses set up in the joint and several answers of the railway company and B. F. Snodgrass, most of which we deem it unnecessary to mention particularly or discuss. Among the defenses urged by the railway company in its answer, it says: "And it further says that the object of the law in creating fencing districts was obviously to protect the crops and farms of persons owning lands and farms within the bounds of such fencing districts, and it was obviously not the intention of the law to assess a tax on railroad tracks, as is attempted to be done in this case, which is manifestly unjust, for the reason that, as shown by Exhibit A to the complaint, 2.80 miles of track or line of this defendant, which embraces only three or four acres of land, is sought to be assessed at $21,000 which is many times the valuation of any similar number of acres of land in the said so-called 'Fencing District No. 1,' and, besides, the land of this defendant, or its track, could not be benefited by the said fencing district, and it is unjust and unequal to

burden it by .any such attempted assessment and taxation. And the said B. F. Snodgrass, further answering, says that, there being no valid or legal assessment against its co-defendant, the Little Rock & Fort Smith Railway, on its 'lands,' which are embraced within the bounds of the so-called Fencing District No. 1, the assessment against the lands of him, the said B. F. Snodgrass, is unconstitutional, illegal and void, since all lands in such district are required to be assessed and taxed, and since the lands of co-defendant cannot be taxed, because not assessed as the law requires in such cases, so neither can the lands of him, the said B. F. Snodgrass, be taxed. Wherefore these defendants pray to be hence dismissed, with their costs."

Section 1183 of Sandels & Hill's Digest (a part of the fencing district act), provides that "the word 'land,' wherever used in this act, shall have the same meaning and signification as are attached to the words 'real property' in the act providing for the collection of state, county and city revenue." Section 1184, Sandels & Hill's Digest (part of the same act), provides that "as soon as the said board [fencing district board] shall have formed said plan [for the district], and shall have ascertained the cost of fencing, it shall report the same to the county court, which shall at once, by order, assess said cost upon the land in.said district, assessing each parcel of land according to its value, as shown by the last county assessment, on file in the office of the county clerk." A different and special mode of ascertaining the value of a railroad for purposes of taxation is provided for in the statute. The assessment is made by a board of railroad commissioners, consisting of state officers, and the road is assessed as an entirety, and in fixing its value the board of railroad commissioners may. consider the value of the franchise of the road. We think it clear that the act in question was never intended to apply, and cannot be made, by any fair contention, to apply to railroads.

It appears from Exhibit A to the complaint, the copy of the delinquent tax list for Fencing District No. 1 in Franklin county, that the lands of B. F. Snodgrass ordered to be sold to pay the fencing district tax, are described in the order as 'frl. pt. section 12, township 9, range 29,—29.89 acres" and

as "N E frl. S. pt. frl. section 12, township 9, range 29,—12 acres." These descriptions are indefinite and uncertain, and it was error to order a sale upon such descriptions.

It is contended that the act itself is unconstitutional, but, as we can dispose of this case without deciding that question, we think it is proper to do so.

As to the duty of courts to decide questions affecting the validity of acts of the general assembly, Judge Cooley says: "Neither will a court, as a general rule, pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause. 'While courts cannot shun the discussion of constitutional questions when fairly presented, they will not go out of their way to find such topics. They will not seek to draw in such weighty matters collaterally, nor on trivial occasions. It is both proper and more respectful to a co-ordinate department to discuss constitutional questions only when that is the very *lis mota*. Thus presented and determined, the decision carries weight with it to which no extrajudicial disquisition is entitled.' In any case, therefore, where a constitutional question is raised, though it may be legitimately presented by the record, yet, if the record also presents some other and clear ground upon which the court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left for consideration until a case arises which cannot be disposed of without considering it, and when, consequently, a decision upon such question will be unavoidable." *Railway Company* v. *Smith*, 60 Ark. 240.

The court erred in decreeing that the "main line" of the railway company was liable to assessment and taxation under the act of April 15, 1891, providing for the establishment of fencing districts, and in ordering the same sold. The court erred also in condemning the lands of B. F. Snodgrass to be sold to pay the tax assessed thereon by the county, upon the description of same as aforesaid.

For the errors indicated, the judgment is reversed, and remanded for a new trial.