SPILLERS *v.* SMITH.

Opinion delivered February 3, 1908.

1.  STATUTE—SPECIAL FENCING DISTRICT.—The Legislature may enact a special law to prevent stock running at large in a certain district and provide for the levy, assessment and collection of a special tax upon the property in the district for the purpose of building, a fence to inclose the district. (Page 229.)

2.  SAME—CHANGING BOUNDARIES OF FENCING DISTRICT.—As the Legislature may form a fencing district by a special act, so, after having created it, it may change its boundaries by the addition of territory to it. (Page 230.)

Appeal from Logan Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

Appellants, *pro se.*

The original act creating the fencing district is in violation of the Constitution, art. 12, § 2. 59 Ark. 513. The boundaries of a corporation cannot be enlarged or reduced by special act. 36 Ark. 166. If the original act was unconstitutional, subsequent legislation would likewise be void.

The act is also void in seeking to take private property for public use without compensation therefor. Art. 12, § 9, Const.; Kirby's Dig. § 2899; 80 S. W. 832; Taylor on Corp. § 173; Wood on Nuisances, § 762.

BATTLE, J. The General Assembly of the State of Arkansas, by an act entitled "An act to authorize a fencing district in Logan County," approved January 30, 1893, authorized the formation of a fencing district within that county, in certain described limits; the boundaries being fixed by the act, with no authority given to any court to change them. The district was formed, and a board of directors was elected as directed by the

act. The district as organized undertook to extend its boundaries under the order of the Logan County Court and to enclose the additional territory with a fence and to levy a tax on such territory. L. C. Spillers and others, owners of lands in such extension, instituted a suit against the board of directors of the fencing district, in the chancery court for the Northern District of Logan County, and asked for a decree declaring the fences in the additional territory to be unlawful and requiring the defendant to remove them and to enjoin the collection of the taxes levied upon their lands. No compensation for property taken was asked or sought. During the pendency of this suit the General Assembly of the State of Arkansas by an act entitled "An act to change the boundaries of Fencing District No. 2, Logan County, Arkansas," approved March 12, 1907, so changed the boundaries of such fencing district as to include the territory that the defendant had attempted to add.

The court, upon hearing, restrained the collection of the taxes so levied by the district, and dismissed the complaint as to all other relief asked, and plaintiffs appealed.

The object of the formation of fencing districts is to enable the owners of the land included therein to fence the same at reduced expense and to protect themselves against the incroachments of cattle and other live stock running at large. It has been held that it is within the constitutional power of the Legislature to enact laws to prevent stock running at large in certain districts and to provide for the levy, assessment and collection of a special tax upon the property in the district for the purpose of building a fence to inclose the district. (*Spigener* v. *Rives,* 104 Ala. 437; *McGraw* v. *Commissioners,* 89 Ala. 407; *Edmondson* v. *Ledbetter,* 114 Ala. 477; *Noffzigger* v. *McAllister,* 12 Kans. 315; *Keyes* v. *Snyder,* 15 Kans. 143; 2 Cyc. 439.) It has also been held that special drainage and levee districts may be created by special acts of the Legislature. (*St. Louis Southwestern Railway Company* v. *Grayson,* 72 Ark. 119.) For the same reason it can form a fencing district by a special act.

The act creating the fencing district in question is a valid statute. The county court had no authority to extend its boundaries, it having no authority to repeal or amend an act of the

Legislature. The levy of the tax upon the land included within such addition by the county court was without the authority of law and void.

As the Legislature created the fencing district, it was competent for it to change its boundaries, as it did by the addition of territory. *Porter* v. *Waterman*, 77 Ark. 383.

Decree affirmed.