State, Use and Benefit of Garland County et al, *v.* Jones et al.

4-5537                                     131 S. W. 2d 612

Opinion delivered July 10, 1939.

C. A. *Stanfield*, for appellants.

*Jay M. Rowland, Verne McMillan* and *Murphy & Wood,* for appellees.

HOLT, J. This is a suit instituted by appellants in the Garland chancery court to recover from John E. Jones, circuit clerk of that county, certain excess fees and commissions over and above the lawful salaries allowed to the said John E. Jones and his deputy clerk, D. W. Parker.

The complaint, among other things, alleges that John E. Jones was during 1931 to 1935, inclusive, and now is circuit clerk of Garland county, and that during this time D. W. Parker was his deputy; that Jones, as clerk, was entitled to an annual salary of $3,000 in lieu of all fees, commissions, charges, and emoluments, and that his deputy, Parker, was entitled to an annual salary of $1,800 and no more; that the said clerk is required to make quarterly and annual settlements with the Garland county court and to pay into the treasury of Garland county all income from fees, commissions, etc., over and above the salaries and expenses of the office.

It is further alleged that in the settlements of Jones for the years 1931 to 1935, inclusive, with the said county court, he made no accounting for the income which he received as commissioner, or for preparing transcripts of records of the cases appealed to the Supreme Court, and that the amounts withheld from the treasury of Garland county and charged as salaries for himself and deputy are greatly in excess of the salaries they were legally entitled to retain and that they had fraudulently and illegally appropriated these sums to their own use, during and for the years 1931 to 1935, inclusive.

Plaintiffs prayed that all settlements made by the defendant, John E. Jones, from April 6, 1931, to January 16, 1936, inclusive, be re-examined, surcharged, and fal--

sified; that the amount due Garland county be determined and judgment rendered against John E. Jones and D. W. Parker for all moneys lawfully belonging to Garland county, together with interest thereon.

Subsequent to the filing of this complaint, C. A. Stanfield upon filing his petition duly verified, was permitted by the chancery court to be made a party plaintiff and allowed to prosecute the suit as a citizen and taxpayer.

Defendants filed a demurrer alleging that C. A. Stanfield was without authority to bring and prosecute the suit in the name and in behalf of the State of Arkansas and that the complaint did not state facts sufficient to constitute a cause of action against the defendants.

On the same day that the demurrer was filed, appellees filed a motion to strike Stanfield's petition. Later, Stanfield filed affidavit to the effect that he had been employed by the County Judge of Garland county to institute and prosecute the suit in question and that the prosecuting attorney had refused to act.

The Chancellor on June 3, 1936, sustained appellees' demurrer and motion to strike the petition.

From this action of the trial court, appellants prayed for and were granted an appeal to this court. The opinion on that appeal may be found in *State, use of Garland County,* v. *Jones,* 193 Ark. 391, 100 S. W. 2d 249. That decision determines the law governing this case. *Gantt* v. *Arkansas Power & Light Co.,* 194 Ark. 925, 109 S. W. 2d 1251. Under our former decision the case was reversed and remanded with directions to the court below to overrule the demurrer and proceed with the trial of the case according to law and not inconsistent with the opinion.

Upon remand of the case, appellees (defendants below) filed their answer alleging, among other things:

"1. Defendants admit that they are clerk and deputy clerk, respectively, of Garland county, but they deny each and every other material allegation of the complaint and of the said petition; say that all matters and things and all the alleged failures to properly account and pay over to the treasurer of Garland county, occurring prior

to January 7, 1933, are barred by the statute of limitations; and all alleged failures to pay over occurring within one year prior to January 16, 1936, were subject to correction by the county court and the court is without jurisdiction over that portion of the account.

"2. That Act 18, as amended by Act 658 of the Acts of 1921, is now modified by Special Act No. 43 of 1923.

"3. That Act 18 and Act 658 of 1921 were repealed by Act 95 and Act 216 of 1931, that Act 95 fixes the salary of the circuit clerk at $4,000 and allows him also the fees received as Commissioner in Chancery and for making transcripts for the Supreme Court and allows his chief deputy $2,400; that if it be said that Act 95 is a special Act, the difficulty is remedied by Act 216 of the Acts of 1931; defendants say that neither of them has ever drawn or retained any sum in excess of what is thus allowed them by law, and have actually retained less than was due them, and have paid into the treasury more than was required; that this action cannot be maintained against D. W. Parker, as deputy clerk, as there is no provision in law for maintaining an action against him for any failure to make proper accounting to the county court; that they are receiving the compensation provided by law, and neither of them owes Garland county any sum whatever.

"4. That their accounts have been audited as required by law, and that there is no reason for the appointment of a master, but if a master is appointed the court should require bond for the payment of the expense.

"5. Defendants pray that the complaint and the petition of the taxpayer asking to be made a party be dismissed for want of equity, for their costs, and for other relief."

To this answer appellants replied denying each and every defense set up therein.

Appellants (plaintiffs below) also filed a demurrer to the separate paragraphs of the answer and the court sustained their demurrer to the second, third and fourth paragraphs.

Upon a trial of the cause the court decreed, among other things, that C. A. Stanfield was without authority and legal capacity to prosecute the action; that Act 95 of the Acts of 1931 is a valid Act; that under the provisions of Act 216 of the Acts of 1931 any salaries or fees drawn under Act 95 were legal; that defendant, John E. Jones, acted in good faith in not keeping a record of his expenses as Commissioner in Chancery and in connection with transcripts for the Supreme Court; that John E. Jones has not received greater fees and allowances than he was entitled to receive under the law.

At the outset appellees urge affirmance on this appeal for failure of appellants to comply with rule IX of this court. In the view we take of this case, however, we think this rule has been fairly complied with by appellants and that this contention is without merit.

Appellees also insist that the finding of the chancery court that C. A. Stanfield had no authority to prosecute the case should be upheld and the decree affirmed for that reason. Our answer to this contention is that this court held on the other appeal in this case, *supra*, that Mr. Stanfield as a taxpayer had the authority to prosecute the suit. In that case we said:

"It is now recognized by the legal profession everywhere that suits may be maintained by, and in the name of the state, for the use and benefit of state agencies or municipalities or taxpayers to recover any shortage or liability, and to require it to be paid into the proper depositories or treasuries . . .

"We know of no statute or law that prohibits a county from bringing a suit in the name of the state for the use and benefit of the county. We conclude that the court erred in sustaining the motion to strike Stanfield's petition, and in sustaining the demurrer. Of course, it is not necessary that both the county and the taxpayer be made parties, but the suit can be maintained in the name of the state for the use and benefit of the county, or by a taxpayer suing for himself and other taxpayers." The rec-

ord in this case reflects, in effect, that the prosecuting attorney refused to act.

Appellees also urge that we should hold Act 95 of the Acts of 1931 a valid Act. Again we point out that this court specifically held, on the other appeal in this case, that this Act 95 of the Acts of 1931 is a special Act and is, therefore, void and without effect, being in violation of Amendment 14 of the Constitution of the State of Arkansas.

Appellees finally contend that we should hold Act 216 of the Acts of 1931 to be valid and controlling here. Under the provisions of Act 216 it is sought to legalize all salaries and fees drawn under the provisions of Act 95. Since we hold that Act 95 of the Acts of 1931 is void, Act 216 can afford appellees no relief here.

On this record, we are of the opinion that the appellee, John E. Jones, as circuit clerk of Garland county, was only entitled to a salary of $3,000 per year as provided by Act 18 of the Acts of 1921, as amended by Act 658, and his deputy, Parker, to $1,800 per year, and that John E. Jones is liable for all fees, commissions, and emoluments drawn by his deputy and himself in excess of said salaries.

There appears to be no dispute in this record as to the amounts due each year in excess of legal salaries, as reflected by the State Comptroller's report and audit. The only remaining question for our determination is whether or not the three year statute of limitations, or the five year statute, should control in computing the total amount due Garland county from appellee, John E. Jones, as circuit clerk.

It is appellees' contention that in the event this court should hold them liable, then the three year statute of limitations controls and that the total amount due should be computed only for the years 1933, 1934, and 1935, inclusive. In this contention we think appellees are correct, and we hold that appellants are entitled to a judgment for all excesses paid to the circuit clerk and his

deputy above their salaries of $3,000 and $1,800, respectively, for the years 1933, 1934, and 1935, inclusive.

On the question as to whether the three-year or the five-year statute of limitations should apply, this court in a recent case in which the principles involved are not unlike those here, *Fidelity & Casualty Company of New York* v. *State, use of Columbia County,* 197 Ark. 1027, 126 S. W. 2d 293, said: "Appellant's last contention is that the judgment should be reversed because the alleged indebtedness is barred by the statute of limitations. It is argued that the three-year, and not the five-year, statute of limitations applies, and that the statute began to run from the date of the treasurer's last quarterly settlement, which, as stated above, was January 3, 1935.

"We think the three year—and not the five year—statute of limitations is applicable to this suit. The Circuit Court of Appeals of this circuit had occasion to apply § 6960, C. & M. Digest (which is now § 8938, Pope's Digest) in the case of *Futrall* v. *City of Pine Bluff,* 87 Fed. 2d 711. That was a suit to recover a sum erroneously paid to the treasurer of the city of Pine Bluff. The same statute would apply in cases of that character, whether the money had been paid to or had been paid by the treasurer, and it was there held that the three year statute was the applicable statute. In so holding the court there said: 'The meaning of these sections of the statutes of Arkansas must be determined from the decisions of the Supreme Court of that state. An analysis of such decisions as throw light upon the question here involved has convinced us that an action to recover money paid or obtained through an honest mistake of fact or law, in the absence of fraud, corruption, or willful diversion, is an action founded upon an implied contract or liability, not in writing, and must be commenced within three years. *Richardson* v. *Bales,* 66 Ark. 452, 51 S. W. 321; *Clarke* v. *School District No. 16, et al.,* 84 Ark. 516, 106 S. W. 677; *Board of Education of Ouachita County, et al.* v. *Morgan, et al.,* 182 Ark. 1110, 34 S. W. 2d 1063. And compare, *Sims* v. *Craig, County Treasurer, et al.,* 171 Ark. 492, 286 S. W. 867; *Core, et al.* v. *McWilliams Co., Inc.,* 175 Ark. 112, 298 S. W. 879'.

"In this case, as in that, the money sought to be recovered had been paid or obtained through an honest mistake of law or fact, and there was an absence of fraud, corruption, or willful diversion."

In the case before us the record fails to disclose any intentional fraud, corruption, or willful diversion, on the part of appellees and we conclude that the three year statute of limitations applies. (§ 8928, Pope's Digest.)

On the whole case we are of the opinion that the chancellor erred in his findings in favor of appellees, and accordingly the decree is reversed and remanded with directions to ascertain the amount due, with interest, for the years 1933, 1934, and 1935, inclusive, in accordance with the State Comptroller's report and audit, and to enter a decree in accordance with that finding.

GRIFFIN SMITH, C. J., not participating.