JOHNSON *v.* OWEN.

4-6418                                                      152 S. W. 2d 311

Opinion delivered June 23, 1941.

*T. S. Lovett, Jr.,* for appellant.

*E. W. Brockman,* for appellee.

McHANEY, J. Appellants correctly state the facts in this case as follows: "On June 11, 1940, petitioners filed in the county court of Lincoln county petitions purporting to be signed by the owners of a majority in value of the lands in the area described in said petitions, praying that the said court enter its order annexing or adding said lands to No Fence District No. 2 of Lincoln county, Arkansas, which district was organized by a previous order of said court in 1925. The signers of said petition are the owners of lands outside and inside the boundaries of the town of Star City, an incorporated town. It is admitted that the signers of the petitions do not represent a majority in acreage or value of the

lands lying outside the corporate limits of the town of Star City.

"The response to petition raises a number of questions, but only one is to be considered on this appeal. The county court dismissed the petitions on the ground that the lands within the municipal corporation of Star City are not taxable for the purpose of erecting and maintaining the fence necessary to include said lands in No Fence District No. 2.

"An appeal was duly taken to the circuit court of Lincoln county which court also dismissed the petitions on the ground 'that the purpose of the law under which said petition was filed is to benefit people engaged in the pursuit of agriculture or kindred avocations, at least, a rural population, and that the lands, lots, blocks and parcels of land included within the incorporated town of Star City are not taxable for said purpose.' "

The question for decision is, May the real property in the Incorporated Town of Star City be annexed to No Fence District No. 2 of Lincoln county and be taxed for the purposes of the district? Both the county court and the circuit court, on appeal, answered the question in the negative, and we agree that they were correct in so holding. In *Stiewell* v. *Fencing Dist. No. 6*, 71 Ark. 17, 70 S. W. 308, 71 S. W. 247, this court followed its former holding in *L. R. & Ft. S. Ry. Co.* v. *Huggins*, 64 Ark. 432, 43 S. W. 145, holding that railroad property was not included in the fencing district act, and said, on rehearing, p. 29: "The Huggins case, 64 Ark. 432, 43 S. W. 145, was a fencing district case, and we held that the right-of-way, road bed, etc., of railroads were not intended to be included in fencing districts for purposes of the assessment. We think this is obvious from the manifest purpose of the legislature in providing for such districts. The design of the legislature was to benefit people engaged in the pursuit of agriculture or kindred avocations —at least a rural population." Since that decision railroad property outside of city limits has been made taxable by statute, but property in cities and towns, that of railroads or individuals, has not been so included and there is no occasion or necessity for including cities and

towns in a no fence district. By § 9625 of Pope's Digest cities and incorporated towns are given plenary power to prevent by ordinance the running at large of animals within the corporate limits. We agree with the trial court "that the purpose of the law under which said petition was filed is to benefit people engaged in the pursuit of agriculture or kindred avocations, at least, a rural population, and that the lands, lots, blocks and parcels of land included within the Incorporated Town of Star City are not taxable for said purpose."

Affirmed.