BAKER v. ALLEN.

4-6825

164 S. W. 2d 1004

Opinion delivered October 19, 1942.

*R. W. Tucker,* for appellant.

*Dene H. Coleman* and *Chas. F. Cole,* for appellee.

Smith, J. Appellant, for himself and for the benefit of all other citizens and taxpayers of Independence county, brought this suit to recover certain fees alleged to have been paid to and to have been collected by appellee without authority of law. He predicates his suit upon an initiated salary act enacted by the electors of Independence county at the 1936 general election. Among its other provisions this Act provided for the separation of the offices of sheriff and collector, and fixed a salary of $2,400, payable in monthly installments of $200, for each office. Section 6 of this Act reads as follows: "The offices of sheriff and ex-officio collector are hereby severed and hereafter there shall be a tax collector elected in the manner provided by law, same as other county officers, at the general election."

At the same election at which the Act was adopted, appellee was elected sheriff and collector, and filled both offices until the next election, at which time he was re-elected sheriff, and another person was elected collector.

The suit was filed September 5, 1941, and it is alleged that appellee wrongfully collected the salary of collector for the two-year period ending December 31, 1938, while serving during that period of time as sheriff of the county. The complaint also alleges that appellee was wrongfully allowed certain fees as mileage on

process served for the county, and wrongfully converted and failed to account for certain mileage fees collected in civil litigation, which the salary act required him to collect for the use and benefit of the county.

An order was made requiring appellant to give bond for costs, and upon his failure to comply with this order the suit was dismissed, and from that judgment is this appeal.

An answer was filed by appellee, with a motion to dismiss. It was denied in the answer that appellee had collected any unauthorized fees, and the statute of limitations was pleaded as to the claim for the $4,800 collected by appellee as collector while serving also as sheriff.

It is urged for the affirmance of the decree from which is this appeal that as there is no bill of exceptions no issue is presented for the decision of this court. But we do not agree with that contention. No testimony was heard, but we have before us the complaint and the exhibits thereto and the various motions filed in the cause, and the orders of the court made thereon, and the judgment of the court dismissing the case for the failure to file bond.

In his Supreme Court Procedure, p. 5, Stevenson says: "The record proper includes the pleadings, any exhibits thereto, statement showing service of summons, any material order of court preceding judgment, the judgment itself, motion for new trial, the order overruling same, and the grant of appeal. *Morrison* v. *St. L. S. F. Ry. Co.*, 87 Ark. 424, 112 S. W. 975.''

We are of the opinion, therefore, that no bill of exceptions is required to present for review the question whether the complaint, with the exhibits thereto, stated a cause of action.

We are of the opinion also that the court below was in error in dismissing the complaint for the failure to give bond. Section 13985, Pope's Digest, is cited as authority for this action, and no other authority is asserted. It was held, however, in the case of *Gladish* v. *Lovewell*, 95 Ark. 618, 130 S. W. 579, that this statute

is inapplicable to suits of this character. That case, like this, was a suit against the sheriff and collector for the alleged failure to account for public revenues. It was there said: "We are of the opinion that the chancery court had no jurisdiction. The statute provides that the suit shall be brought at the instance of a taxpayer, and that the proceedings shall be summary. The primary object of the suit under the statute is to oust the collector from office, if it shall appear that the official acts complained of are fraudulent; and the decree for the moneys which he may have unlawfully detained is a mere incident to the main suit."

The suit is predicated upon and is authorized by § 13, of art. 16, of the Constitution, and we know of no requirement that a citizen suing under this authority shall give a bond for costs. There was no request for an audit, nor any allegation that one will be required. *Jones* v. *Adkins,* 170 Ark. 298, 280 S. W. 389.

As the decree must be reversed and the cause remanded for a trial upon the allegations of the complaint, we take occasion to dispose of certain questions discussed in the briefs.

We think appellee was, not only the *de facto,* but was the *de jure,* collector of Independence county for the biennium beginning January 1, 1937, and ending December 31, 1938. He was elected as sheriff and ex-officio collector for that period of time. Section 6 of the Salary Act, above quoted, did not contemplate the election of a collector except "at the general election," which would, of course, be the next ensuing election. This is the express—and only—provision of the Salary Act for filling that office. There was no authority under the Act for the election of a separate collector at the 1936 general election, as the offices of sheriff and collector were not separated until the Act had been adopted at the 1936 general election, and "hereafter," as the Act states, which means "thereafter," the tax collector shall be elected, in the manner provided by law, at the general election, which could only be the next ensuing election. We conclude, therefore, that as appellee was elected to

fill both offices he was entitled to the emoluments of both offices, as, together, they did not exceed the $5,000 limitation imposed by the Constitution. *Seate, ex rel. Poinsett County* v. *Landers,* 183 Ark. 1138, 40 S. W. 2d 432. But, even so, those fees were paid more than three years before the institution of this suit, and the suit is, therefore, barred by the three-year statute of limitations. *State, use Garland County,* v. *Jones,* 198 Ark. 756, 131 S. W. 2d 612.

This statute of limitations is applicable also to mileage fees collected more than three years before the institution of this suit.

The decree will, therefore, be reversed and the cause remanded for further proceedings not inconsistent with this opinion.