REED *v.* HUNDLEY.

4-7674                                          188 S. W. 2d 117

Opinion delivered June 11, 1945.

M. L. *Reinberger* and *Gene Baim,* for appellant.

E. W. *Brockman,* for appellee.

MILLWEE, J.   This appeal challenges the constitutionality of Act 41 of 1943 which authorizes annexation of lands in a city or town to a fencing district.   Appellees are owners of lands lying in and near the incorporated town of Star City which are also near and adjacent to the boundary line of Consolidated Fence District of Lincoln County.   They filed their petition with the county court to include and annex certain lands to said consolidated district.

---

[2] *Brookfield* v. *Rock Island Improvement Company,* cited in the body of this opinion, is annotated in 147 A. L. R., p. 451 *et seq.*

Consolidated Fence District of Lincoln County was created by consolidation of Fence District No. 1 and Fence District No. 2 under the provisions of Act 119 of 1933. Prior to consolidation of the two districts, and before the passage of Act 41 of 1943, an effort was made by certain landowners inside and outside the town of Star City to annex their lands to said Fence District No. 2. This effort was unsuccessful and a dismissal of the petition by the county and circuit courts was upheld by this court in the case of *Johnson* v. *Owen*, 202 Ark. 761, 152 S. W. 2d 311. There it was held to be the purpose of the law as it then existed, and under which the petition was filed, to benefit people engaged in the pursuit of agriculture or kindred avocations, at least a rural population, and that real property within an incorporated town was, therefore, not taxable for such purpose.

Subsequent to that decision the Legislature enacted Act 41 of 1943 amending Act 83 of 1927 which is § 5786 of Pope's Digest. Section 1 of said Act 41 reads as follows: "When any number of owners of either rural acreage or city or town land near or adjacent to any fencing district organized under and pursuant to the law shall present to the county court a petition in writing accompanied by a map giving description and setting forth such land as they desire to have enclosed in any fencing district, it shall be the duty of the county court to give a notice by publication in some newspaper in said county for a period of not less than twenty days of a hearing upon said petition, calling upon all persons whose lands or interest may be affected by such petition to appear and show cause, if any, why the prayer of petitioner should not be granted." By this section the Legislature struck out "landowner owning lands" of Act 83 of 1927 (Pope's Digest, § 5786) and substituted therefor the words "owners of either rural acreage or city or town land." The petition in the instant case was filed under the amended act.

There is no contention on the part of appellant that appellees did not fully comply with all procedural requirements of the statute, or that they do not represent

a majority in value of the lands affected. As stated by appellant, "The case was tried entirely on the question of whether Act 41 of 1943 was constitutional and all other matters raised in defense were disregarded." The constitutionality of the act was sustained by both the county court and the circuit court, and this appeal follows.

It is the contention of appellant that the act is unconstitutional in that it violates Art. II, § 8 of the State Constitution which provides that no person shall be deprived of property without due process of law. It is also insisted that it violates Art. II, §. 22 of the Constitution which provides that private property shall not be taken, appropriated, or damaged for public use without just compensation therefor. A number of cases are cited which declare the law to be that all assessments for local improvements in municipal incorporations are based on the principle that the property subjected to the assessment is benefited by the improvement for which the assessment is made, and that there is a constitutional limitation that the amount of such assessment must not exceed the special benefit derived therefrom. Our attention is called to the case of *Stiewel* v. *Fencing District No. 6 of Johnson County,* 71 Ark. 17, 70 S. W. 308, where it was said: "Special assessments for local improvements find their only justification in the peculiar and special benefits which such improvements bestow upon the particular property assessed. . . . Therefore, any statute which authorizes an assessment greater than the special benefit to the property would be unconstitutional." In that case an act of the Legislature creating a fencing district in Johnson county was held valid and the court further said: "The Legislature having provided for the improvement district and the manner in which such improvements shall be made and the costs thereof ascertained, when the district is constituted by the designated agents, and the costs of the improvements are ascertained and assessed, it will be presumed that the property included in the district is benefited, and that the assessments for the costs of the improvements do not exceed the benefits. *Matthews* v. *Kimball,* 70 Ark. 451, 69 S. W. 547." It was further held, however, that this presump-

tion might be rebutted upon proof by an aggrieved party who questioned the validity of the assessment.

The trial court was of the opinion that protection of yards, gardens and premises within the town of Star City from the annoyance and destruction caused by roving cattle and other livestock would result in substantial benefit to property owners and would do away with the necessity of building and maintaining fences. We agree with this conclusion and are unable to say that benefits may not accrue to owners of property in a town or city by annexation of their property to a fencing district. It is true that in the case of *Johnson* v. *Owen, supra,* it was said there was no necessity for including cities and towns in a fence district and that § 9625 of Pope's Digest authorized municipalities to prevent by ordinance the running at large of animals within the corporate limits. Under the statute as it then existed we had repeatedly held that it was the intent of the Legislature, in the enactment of fencing statutes, to benefit a rural population. The Legislature, by Act 41 of 1943, now specifically authorizes town and city property to be annexed to a fence district. The questions of the wisdom, propriety and necessity for the enactment are for the Legislature and not the courts. We may not substitute our opinion on such matters for that of the law making body where the power to enact the statute exists. *Common School Dist. No. 13, Greene County,* v. *Oak Grove Special School Dist.,* 102 Ark. 411, 144 S. W. 224; *Eubanks* v. *Futrell,* 112 Ark. 437, 166 S. W. 172.

In the case of *House* v. *Road Improvement District No. 5,* 158 Ark. 357, 251 S. W. 21, this court had under consideration the validity of an act creating a road improvement district and there said: "The mere creation by the statute of the district as a public agency for the construction of a proposed improvement is a legislative, not a judicial, proceeding and does not present a judicial question, further than the determination whether the statute is a valid enactment, and this must be determined from the face of the statute and matters of which the court may take notice. *Greene County* v. *Clay County,*

928

135 Ark. 301, 205 S. W. 709. Hence the facts upon which the Legislature is presumed to have based its determination as to the wisdom and propriety of the enactment cannot be reviewed by the courts."

It is held generally that statutes relating to the creation of fencing districts are deemed to be within the legislative powers, the theory being that the Legislature may relieve landowners of the duty to fence against trespassing animals in respect to either the whole state or a subdivision thereof. 22 Am. Jur. 518; 6 A. L. R. 215; *Spillers* v. *Smith*, 85 Ark. 228, 107 S. W. 985.

We conclude that the General Assembly in the enactment of Act 41 of 1943 was in the proper exercise of its legislative powers under the Constitution. The judgment of the circuit court so holding is, therefore, affirmed.