WRINKLES *v.* BROWN.

4-9184                                      230 S. W. 2d 39

Opinion delivered May 29, 1950.

*Bon McCourtney* and *Claude B. Brinton,* for appellant.

*Barrett, Wheatley & Smith,* for appellee.

ED F. McFADDIN, Justice. Appellant filed action seeking to recover $600 alleged to have been paid to appellee on November 25, 1945, when the latter was Sheriff of Craighead County. Appellant also sued the American Surety Company, the surety on Brown's bond as Sheriff

of Craighead County [1]; but for clarity we refer to Brown as the defendant and appellee. The defense was a general denial and a plea of limitations. At the close of the plaintiff's case, the Court directed a verdict for the defendant; and this appeal ensued.

Giving the evidence in favor of the appellant its strongest probative force,[2] it appears that on November 24, 1945, appellant and his wife were arrested on the charge of illegal possession of liquor for sale.[3] Each was fined $100 and costs in the Mayor's Court of Caraway, Craighead County, Arkansas; and appellant promptly paid the said fines and all costs. Thereafter appellant claims that he went to Jonesboro at the instruction of the appellee, Sheriff of Craighead County; and on that trip appellant claims that appellee required him to pay $600 additional, on penalty of being sent to jail. The $600 was paid on November 25th,[4] and thereafter appellant learned that the $600, which he had paid to Brown, was never paid to the County Treasurer or any other legal depository.

This action was filed on May 5, 1949. The question, whether the payment was voluntary, is not presented in this case. We are required to determine only (a) the applicable Statute of Limitations; and (b) when such Statute began to run.

I. *The Applicable Statute of Limitations.* By one side or the other we are cited to the following: the two-year Statute (§ 37-203 Ark. Stats.); the three-year Statute (§ 37-206); the four-year Statute (§ 37-207); and the five-year Statute (§ 37-213).

We hold that the plaintiff's cause of action comes within the three-year Statute of Limitations (*i. e.,*

[1] This was the Statutory Bond required by § 12-1101, *et seq.*, Ark. Stats., 1947.

[2] This is the rule in testing the correctness of an order directing a verdict against an appellant. See *Garner* v. *Missouri Pacific Rd. Co.,* 210 Ark. 214, 195 S. W. 2d 39.

[3] Sec. 48-918, *et seq.*, Ark. Stats., 1947, forbids such possession in dry territory.

[4] Plaintiff testified he had the money in a bank and Brown sent a man with him to get the money from the bank.

§ 37-206), because it is an action to recover money wrongfully taken by Brown from Wrinkles. According to appellant, Brown used his office as a color or cloak to wrongfully obtain the money; so this is an action to recover money wrongfully obtained. See *State* v. *Jones,* 198 Ark. 756, 131 S. W. 2d 612; *Baker* v. *Allen,* 204 Ark. 818, 164 S. W. 2d 1004; *F. & C. Company* v. *State,* 197 Ark. 1027, 126 S. W. 2d 293, and cases there cited.

II. *When the Statute of Limitations Began to Run.* The date of the payment was November 25, 1945, and this action was filed on May 5, 1949, which was three years, five months, and ten days after the payment. The statutory bar of three years began when the plaintiff's cause of action accrued. Three rules suggest themselves:

(a)—The cases hold that in an action to recover money paid by mistake—in the absence of any claim of fraud—the cause of action accrued on the date of such payment. See *Richardson* v. *Bales,* 66 Ark. 452, 51 S. W. 321; *State* v. *Jones,* 198 Ark. 756, 131 S. W. 2d 612; and *Brookfield* v. *Rock Island Improvement Co.,* 205 Ark. 573, 169 S. W. 2d 662, 147 A. L. R. 451. If Wrinkles paid Brown the $600 by a simple mistake as to whether it was due, then Wrinkles' cause of action to recover the money accrued on the date of payment, and was barred when this action was filed.

(b)—The cases hold that in an action to recover money paid to a public officer under duress, the cause of action accrued as soon as the duress was removed. While we have found no cases in this State on the point, the texts—based on cases from other jurisdictions—recognize this statement as the uniform rule. See 40 Am. Jur. 835 containing the discussion "Duress By Public Officers"; and 34 Am. Jur. 193 containing the discussion "Duress and Undue Influence." If Wrinkles paid Brown the $600 because of duress (that is, because Brown was a public officer threatening imprisonment), then the cause of action to recover the money accrued as soon as the duress was removed. There is nothing in the evidence to show that the duress was not removed as soon

as the payment was made; so the cause of action was barred.

(c)—The cases hold that in actions to recover money paid because of fraud, the cause of action accrued when the fraud was discovered, or should have been discovered, with the exercise of reasonable diligence. See *Dilley* v. *Simmons National Bank,* 108 Ark. 342, 158 S. W. 144; *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. 2d 826; and see, also, 34 Am. Jur. 132. If Brown obtained the $600 from Wrinkles by fraud, then the cause of action accrued when Wrinkles discovered the fraud, or should have discovered it, with the exercise of reasonable diligence; and the evidence shows that Wrinkles discovered the fraud either at the time of payment, or within a very short time thereafter, and at all events, more than three years before the filing of this action.

Wrinkles testified that Brown insisted that the $600 was to settle the case with the Deputy Prosecuting Attorney, but Wrinkles admitted that within four weeks after the payment he became suspicious and went to the bank to see about the check which he had cashed to pay Brown the $600. With his suspicions thus aroused, an inquiry pursued with reasonable diligence would have established Brown's fraud if it was not already known. The Deputy Prosecuting Attorney testified that within "several months" after the date of the alleged payment, Wrinkles discussed the matter with him. So with Wrinkles' suspicions aroused within four weeks of the date of payment, and with the Deputy Prosecuting Attorney available to inform him that the money had not been paid to any legal depository, certainly Wrinkles had that knowledge of the fraud which the law requires to constitute accrual of the cause of action. With all these facts, Wrinkles waited three years, five months, and ten days from the date of payment before filing this action.

All the evidence shows that the cause of action was barred by the three-year Statute of Limitations; and we, therefore, affirm the judgment of the Circuit Court.