Lee A. MUNSON *v.* Jane ABBOTT, Robert ADAMS, Sr., Paul D. KELLY and Zoe Allen VOGLER

79-294                                    602 S.W. 2d 649

Supreme Court of Arkansas
Opinion delivered June 30, 1980
Rehearing denied October 2, 1980

442

*House, Holmes & Jewell,* by: *Philip K. Lyon* and *Daryl G. Raney*, for appellant and cross appellee.

*Lynn-Marie Crider* of *Youngdahl, Larrison & Agee,* for appellees and cross appellants.

WILLIAM I. PREWETT, Special Justice. On March 20, 1978, appellees filed a taxpayers' suit seeking an accounting and restitution of expense funds paid to Lee Munson as Prosecuting Attorney for the Sixth Judicial District of Arkan-

sas. Voluminous pleadings and two days of testimony resulted in a decision by Chancellor Weisenberger denying an accounting, finding the appellant had failed to properly explain certain items of expense and awarding judgment to Pulaski County for $3964.84 and costs of $81.00. An attorneys' fee of one-third of this was awarded to counsel for appellees. The judgment must be reduced to $335.70 and costs.

Two types of expense accounts are involved, an expense allowance of $2400.00 per year, payable by the State in equal monthly installments without itemization and an office contingency fund appropriated and paid pursuant to Ark. Stat. Ann. § 24-113 (1962 Repl.).

Appellee sought repayment of expenses for Perry County work which were charged to Pulaski County and further alleged some expense claims submitted were fradulent in law. Appellant denied any fraud or wrong and urges the Chancery Court is without jurisdiction to review the decisions of the County Court approving expense claims and the three years of statute of limitation applies.

Appellant filed claims for expenses of the office to be paid from Pulaski County monies appropriated for the office contingency expense fund, depositing the $200.00 a month received from the State for expenses into his personal bank account. Accurate expense records were not kept and supporting documentation for expenses was minimal.

Judge Weisenberger refused to order a complete accounting but did find the burden of proof shifted to the appellant to prove the $200.00 State expense account was expended for costs of the office and not retained as additional salary. Depositing this expense payment into his personal account and the absence of proof of expenses resulted in a finding it was used for personal items rather than expenses of the office. After proof by appellees of gasoline purchases outside the appellant's Judicial District and for recreational vehicles the trial Court required Appellant to explain these charges and their relationship as expenses of the office. Justification, if fairly plausible, was accepted by the trial Court and only

those items for which no explanation was given were found to be improper and restitution ordered. These were:

"(a) Items where defendant had no apparent recollection of doing business in those areas outside the District:

| CLAIM NO. | DATE | LOCATION OF PURCHASE | AMOUNT | PLAINTIFFS' NUMBER |
|---|---|---|---|---|
| 75-4741 | 5/10/75 | Gulf-Search, Ark. | $ 9.12 | 415 |
| 75-6563 | 7/27/75 | Gulf-Conway, Ark. | 11.00 | 474 |
| 75-3487 | 8/1/75 | Sonoco-Paron, Ark. | 9.00 | 477 |
| 75-9164 | 8/31/75 | Gulf-Brinkley, Ark. | 6.75 | 501 |
| 76-814 | 10/1/75 | Sunoco-Paron, Ark. | 11.50 | 533 |
| 76-814 | 10/10/75 | Sunoco-Paron, Ark. | 11.25 | 541 |
| 76-814 | 10/20/75 | Sunoco-Paron, Ark. | 10.00 | 553 |
| 76-813 | 12/15/71 | Sunoco-Conway, Ark. | 8.25 | 606 |
| 75-1205 | 12/20/75 | Sunoco-Harrison, Ark. | 9.40 | 612 |
| 76-3024 | 3/10/76 | Sunoco-Paron, Ark. | 10.35 | 694 |
| 76-4834 | 4/16/76 | Sunoco-Conway, Ark. | 10.75 | 731 |
| 76-8642 | 7/29/76 | Sunoco-Conway, Ark. | 11.00 | 818 |

(b) Items of Purchase for oversize vehicles:

| 76-7088 | 3/13/76 | Gulf-Rodney Parham | $38.25 | 697 |
|---|---|---|---|---|
| 76-7088 | 3/14/76 | Gulf-Brookhaven, Miss. | 37.10 | 698 |
| 76-7088 | 3/18/76 | Gulf-Hammond, La. | 27.00 | 699 |

(c) Certain other items purchased outside Pulaski County for which the evidence does not reveal a satisfactory explanation:

| 75-4598 | 4/4/75 | Gulf-Perryville, Ark. | 8.25 | 393 |
|---|---|---|---|---|
| 75-4968 | 5/18/75 | Gulf-Benton, Ark. | 11.47 | 417 |
| 75-5727 | 7/9/75 | Sunoco-Atkins, Ark. | 5.50 | 460 |
| 75-9164 | 7/31/75 | Gulf-Perryville, Ark. | 11.50 | 476 |
| 75-9164 | 8/13/75 | Gulf-Perryville, Ark. | 12.25 | 484 |
| 76-843 | 11/7/75 | Gulf-Sheridan, Ark. | 16.60 | 571 |
| 76-843 | 11/11/75 | Gulf-Hampton, Ark. | 1.90 | 575 |
| 75-769 | 12/7/75 | Gulf-Stuttgart, Ark. | 10.30 | 597 |
| 76-1205 | 1/12/76 | Sunco-Humphrey, Ark. | 1.10 | 634 |
| 76-4808 | 4/2/76 | Gulf-Perryville, Ark. | 6.91 | 718 |
| 76-7088 | 5/12/76 | Gulf-Fordyce, Ark. | 10.85 | 728 |
| 76-7625 | 7/16/76 | Gulf-Perryville, Ark. | 10.35 | 805" |

The trial Court also found certain Perry County office expenses totaling $229.15 were improperly charged to

Pulaski County and must be reimbursed. Restitution to Pulaski County was ordered for $3400.00 received from the State pursuant to Act 1218, for $229.15 Perry County expenses charged to Pulaski County and for $335.70 expenses for which no reasonable explanation was given by appellant.

Act 1218 of 1975, Section 2, quote in full, provides:

"The Prosecuting Attorney for the Sixth Judicial District of the State of Arkansas shall be entitled to an expense allowance of TWENTY-FOUR HUNDRED DOLLARS ($2400.00) per annum, payable in equal monthly installments."

The Legislature has authorized lump sum expenses in this and in similar legislation. For example, Act 209 of 1977 (Ark. Stat. Ann. § 22-141, 1962 Repl.) authorizes payment of a monthly expense of $300.00 to judges of the courts of general jurisdiction or actual expenses at the election of the judge. Legislative authority for reasonable lump sum expense payments is clear. *Black* v. *Cockrill*, 239 Ark. 367, 389 S.W. 2d 881 (1965), reiterated the well understood principle that our Constitution is a limitation of powers, not a grant. Thus, unless prohibited by our Constitution or by federal law, the Legislature has exclusive control of the expenditure of public money. Where the Legislature has established payment of expenses by paying a lump sum without itemization, the Court has no power to inquire into the wisdom, amount, necessity or propriety of the legislative decision. That branch of government is responsible only to the people so long as its action is not in violation of or a sham for the purpose of evading the Constitution. *Jones* v. *Mears*, 256 Ark. 825, 510 S.W. 2d 857 (1974); *Reed* v. *Hundley*, 208 Ark. 924, 925, 188 S.W. 2d 117 (1945); Act 1218 provided a lump sum expense payment to the Prosecuting Attorney; it shall be paid "in equal monthly installments" and there is no requirement of itemization or proof. While monthly expense installments are generally valid, a different legislative intent is found where the legislation authorizes payment of reasonable expenses "not to exceed" a certain sum. *Laman* v. *Smith*, 252 Ark. 290, 478 S.W. 2d 741 (1972). No similar language is in Act 1218 and this Court is without authority to add to the clear language of the

Act. Lump sum expense appropriations are not inherently improper or illegal. See *State* v. *Thomason*, 142 Tenn. 527, 221 S.W. 491 (1919); *State* v. *Reeves*, 44 S.D. 568, 184 S.W. 993 (1921). The Legislature, if it chooses, may estimate expenses in advance and determine a reasonable and proper amount. *McCoy* v. *Handlin*, 35 S.D. 487, 153 N.W. 361 (1915). Ark. Constitution Amendment 21 specifically empowers the Legislature with responsibility to establish the "amount and method" of payment of salaries to all prosecuting attorneys. There is no limitation. Prior cases cited by appellees on officer expenses involved constitutional maximums on salary and thus presented a different question. In the absence of proof the monies were not used as expenses, the legislative authorization cannot be disregarded. As stated in *Berry* v. *Gordon*, 237 Ark. 547, 376 S.W. 2d 279, 289 (1964), rehearing opinion,

> ". . . upon a proper showing by the plaintiff there might be a recovery of funds to which the recipient was not entitled. At the trial the appellant had the opportunity to prove that the appellees had received public money in excess of their actual expense. The appellant chose not to take advantage of the opportunity that was presented."

Appellees had the opportunity and the burden to prove the monies received were not for expenses. *White* v. *Williams*, 192 Ark. 41, 89 S.W. 2d 927 (1936). Officers of the state

> "are cloaked with the presumption that their actions are lawful, correct and in good faith and sincerity of purpose in the exercise of their duties. *Rockfeller* v. *Hogue*, 224 Ark. 1029, 429 S.W. 2d 85 (1968). Appellees have not overcome this presumption by showing that Senator Fletcher did not actually have legitimate reimbursable expenses in excess of the amount claimed." *Jones* v. *Mears*, 256 Ark. 825, 510 S.W. 2d 857, 860 (1974).

To sustain the order to repay the monthly expense installment, appellees cite *Laman* v. *Smith*, 252 Ark. 290, 478 S.W. 2d 741 (1972). The case does not support appellees' position. In *Laman*, the court declared an ordinance appropriating

public relations expense money to be valid and not in violation of the $5000.00 constitutional salary maximum for certain city officials, although it authorized officials to draw monthly warrants "in an amount not to exceed one-twelfth" of the amount appropriated. While finding the ordinance valid, the court pointed out that one-twelfth could not be drawn each month because the ordinance stated "not to exceed" one-twelfth. There is a vast difference where the words "not to exceed" are used; there is also a vast difference where a constitutional salary maximum is established. Neither situation is present in this case. Of course, payment of expenses in a lump sum clearly in excess of any expense that could reasonably be incurred or anticipated may not withstand judicial scrutiny.

The three years statute of limitations applies. An action, such as this one, to recover money paid or obtained through mistake, in the absence of fraud or corruption, is an action founded upon an implied contract, not in writing, and must be commenced within three years. *State, Use and Benefit of Garland County* v. *Jones*, 198 Ark. 756, 131 S.W. 2d 612 (1939); *Baker* v. *Allen*, 204 Ark. 818, 164 S.W. 2d 1004 (1942); *Ward* v. *Farrell*, 221 Ark. 363, 253 S.W. 2d 353 (1952); Ark. Stat. Ann. § 37-206 (1962 Repl.).

By Ark. Stat. Ann. § 24-113 (1962 Repl.), the Legislature established a contingent expense fund for the office of the Prosecuting Attorney:

"The prosecuting attorney of each judicial circuit shall be allowed a contingent expense of his office including telephone, telegraph, postage, printing, office supplies and equipment, office rent, stationery, traveling expense, special service, operation of automobiles, and such other expense which, within the discretion of the prosecuting attorney, may be a proper expense of the office, and also including necessary expense in connection with any proper investigation incident to any criminal law violation or trials before any grand jury, or any court within said judicial circuit, coming within the duties of his office."

Ark. Stat. Ann. § 24-114 (1962 Repl.) required the Counties to appropriate specific sums to be paid "by vouchers signed by the Prosecuting Attorney and allowed by the County Court as claims . . .". Pursuant to these acts, the appellant filed claims which were approved by the County Court and paid from the appropriated funds. Perry County expenses of $229.15 paid by Pulaski County were ordered reimbursed to Pulaski County. Of this total, all except $9.15 had been paid to the appellant more than three years prior to the filing of the Complaint and would be barred by limitations. However, this entire sum of $229.15 was clearly payment for proper expenses of the *office* of the Prosecuting Attorney. The appropriations from each county is to the contingent expense fund for the "office" and such expense as the Prosecuting Attorney, within his reasonable "discretion" finds to be "a proper expense of *the office*" (emphasis added) may be paid from the fund. Finding nothing in the Act to mandate the separation of expenses by the county, the judgment for this must be reversed. Whether such a requirement would be wise is a matter for the Legislature, not this Court.

Appellant questions jurisdiction of the Chancery Court to review expenses approved by the County Court. It has long been recognized that the County Court, in passing on a claim presented to it, acts in a judicial capacity. Accordingly, the remedy is appeal. As stated in *Arkansas Association of County Judges* v. *Green*, 232 Ark. 438, 338 S.W. 2d 672, 677 (1960),

"We agree with appellant that the Chancery Court had no jurisdiction to order repayment of claims already allowed. In the absence of fraud (and we think no fraud was shown here) the remedy was by appeal to the Circuit Court."

In the *Green* case, the Court recognized an illegal exaction as an exception to the rule, referring to Article 16, Section 13 of the Arkansas Constitution.

"Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exaction whatever."

This provision has been held to confer jurisdiction for equitable remedies in the event of an illegal exaction, defined in *Mackey* v. *McDonald*, 255 Ark. 978, 504 S.W. 2d 726 (1974) as any exaction that either is not authorized by law or is contrary to law. This issue was squarely faced in *Tedford* v. *Mears*, 258 Ark. 450, 526 S.W. 2d 1 (1975) when the Court stated:

> "We hold that the Chancery Court has jurisdiction in this case to require an accounting and restitution by all of the county officers drawing funds under provisions of the invalidated acts." 526 S.W. 2d 5

Accordingly, it is the law of this State that the Chancery Court has jurisdiction to order repayment of an illegal exaction even where the "exaction" is in good faith and has been approved by the County Court. See also *Ward* v. *Farrell*, 221 Ark. 363, 253 S.W. 2d 353 (1952). The trial judge found expenses totaling $335.70 required explanation by appellant to justify them as expenses of the office of the Prosecuting Attorney. In the absence of such explanation, the payments would constitute an exaction not authorized by law and thus an illegal exaction. After appellees made a prima facie showing a particular expense was not related to the duties of the office, the trial Court properly required an explanation of these items by appellant. This did not change the burden. In the absence of some plausible explanation, the prima facie showing met appellees' burden and supported the finding that expenditures made outside the Judicial District and for recreational vehicles were not proper office expenses. This finding is supported by the evidence and the public need for accountability and integrity in public officials, who must be ever watchful to avoid even the appearance of impropriety. Where the Chancellor's findings are not against the preponderance of the evidence, the reviewing Court will affirm. *Minton* v. *McGowan*, 256 Ark. 726, 510 S.W. 2d 272 (1974). The findings of the Chancellor are not contrary to the preponderance of the evidence and we affirm the judgment ordering repayment of $335.70 to Pulaski County.

On authority of Ark. Stat. Ann. § 84-4601 (1960 Repl.), the trial Court awarded attorneys fees to the attorneys for appellees. This Act applies only to litigation in which the

court "orders any county, city or town to refund or return to taxpayers money illegally exacted. . . ". Attorneys fees cannot be awarded as the language of the Act is clear and cannot be extended beyond its plain wording. *Bahil* v. *Scribner*, 265 Ark. 834, 581 S.W. 2d 334 (1979).

By cross appeal, appellees argue appellant should be required to account (explain) for all oil company expense payments. While the failure to separate personal and expense receipts is a questionable practice, this is not a sufficient basis to order an accounting of all expenses paid to or at the direction of appellant. Cases cited by appellees do not support this contention. Appellees also question representation of appellant by deputy prosecuting attorneys. Early in this litigation, the trial Court placed specific limits on the time which deputy prosecuting attorneys could devote to representation of appellant. Work on this case could not be a part of their duties. Ark. Stat. Ann. § 24-101 (1962 Repl.). Obviously, it is impossible for any attorney to totally separate his official time from his "off" time. Because of the possible conflict of time and interest, the better procedure would have been to prohibit those serving as full time deputy prosecuting attorneys from also serving as attorneys for appellant. However, any error was not prejudicial. The cross appeal must be dismissed.

The judgment against appellant is modified to award the sum of $335.70 plus costs of $81.00 in the trial Court. In all other respects, it is reversed and dismissed.

FOGLEMAN, C.J., dissents in part.

MAYS, J., not participating.

JOHN A. FOGLEMAN, Chief Justice, dissenting. The question of the propriety of expense allowances without requiring any itemization or accounting is not for the courts. However unwise we may think such a provision to be, the matter is one for legislative determination. Apparently we have considered the legislative discretion to be absolute in such cases, except where the allowance has been used to evade constitutional limitations on the amount of compensation to be paid a

public official. No such limitation is involved here. *Tedford* v. *Mears*, 258 Ark. 450, 526 S.W. 2d 1, is a case where such a limitation was involved. The acts involved were held to be unconstitutional as applied and administered in Pulaski County. They were held to be constitutional as adopted. Thus, *Tedford* clearly falls into that category of cases controlled by the existence of constitutional salary limitations. It is not authority for permitting a chancery action by a taxpayer when, as here, there was an adequate remedy by appeal.

*Arkansas Association of County Judges* v. *Green*, 232 Ark. 438, 338 S.W. 2d 672, does not afford that authority. In that case, we considered the action as one for declaratory judgment. The closing paragraph of the opinion shows clearly that the decision was only prospective. We said:

> Since, as before stated, we treat the petition as one for a declaratory judgment, and in view of what we have already said, it was not appropriate for the Chancellor to enjoin the Association from filing claims and the Judge from allowing the same. These are matters involving judicial procedure and should be decided on the peculiar facts of each case. The trial court did have authority to enter a declaratory decree, and it should have done so, in accordance with this opinion, thereby setting at rest the present controversy. Therefore the case is remanded for the entry of such a declaratory decree.

This case cannot be converted into a declaratory judgment action.

Chancery court jurisdiction in *Mackey* v. *McDonald*, 255 Ark. 978, 504 S.W. 2d 726, was sustained on the basis of *prevention* of misapplication of funds. Again, we treated the action as one for declaratory judgment.

*Ward* v. *Farrell*, 221 Ark. 363, 253 S.W. 2d 353, is readily distinguishable. For the most part the action involved injunctive relief. The chancellor dismissed the action for recovery of certain payments in the guise of "expenses" which enabled him to draw more than his authorized salary. The county

judge claimed that he had drawn expenses as Ex-officio Road Commissioner of Greene County, as authorized by a legislative act. No appropriation for these expenses had been made in 1947 and 1948, as required by the act. Appropriations were made for the subsequent years involved. Reference to Art. 16, § 13 of the constitution was made only in answer to the contention that the exclusive authority to bring the action was vested in the State Auditorial Department. This court sustained the chancery court action as to years prior to 1948 because recovery was barred by the three-year statute of limitations. We sustained the chancery court as to these expenses for years after 1948 because there had been an appropriation for each of those years by the quorum court. No injunctive relief was called for as to the expense allowance. The case was remanded, insofar as the claimed expenses were concerned, only to give the county judge an opportunity to justify his acceptance of expenses as Ex-officio Road Commissioner in 1948, for which no appropriation had been made. It was pointed out in the opinion that a county judge could not pass on his own claim, except where his salary was fixed by law and his actions involved no exercise of discretion.

The chancellor made a clear and distinct finding in this case that there was no fraud. His findings include the following:

> It is contended that defendant was guilty of fraud, both actual and constructive. Certainly defendant was a poor record keeper. Some reference will be made to his bank accounts hereinafter. In addition there appears no logical excuse for this, considering his training, official position and office help.

> After studying the very thorough briefs, reading authorities and pondering the law and evidence this court can not find by the greater weight of the evidence that defendant is guilty of fraud. The carelessness and inefficient record keeping revealed by the evidence is not sufficient to justify a finding of fraud — actual or constructive. ***

In the absence of fraud or the requirement that a showing be made that the expenses were not collected as a subterfuge to evade constitutional salary limitations, the chancery court simply had no jurisdiction to order the repayment of the $335.70 which had been paid after allowance by the County Court of Pulaski County from which no appeal had been taken, simply because after the passage of many months appellant could not justify the particular expenditures due to lack of recollection.

Perhaps appellant should suffer some penalty for mingling his expense allowances with his personal funds and for sloppy procedures. Even if he was not called upon to account for the legislative allowances, the relationship of actual expenses to those allowances would certainly be pertinent in legislative determination of their adequacy. But it is not the function of the courts to render judgments in such a case for negligence, imprudence, or even recklessness.

In spite of my reservations about the lack of a requirement for an accounting, I would reverse the decree and dismiss the action. Perhaps, because it is an equity case, appellant should bear the costs.